83 U.S. 234
 21 L.Ed. 276
 16 Wall. 234
 PIERCE ET AL.
v.
CARSKADON.
 December Term, 1872
 
 ERROR to the Supreme Court of Appeals of West Virginia; the case being thus:
 In August, 1864, one Carskadon brought an action of trespass de bonis asportatis against Pierce, Williams, and others, in one of the State courts of West Virginia, and at the same time sued out an attachment against their real estate; and on the 20th of December, 1864, recovered a judgment against Pierce and Williams for $690.
 The attachment which gave the court jurisdiction, was sued out under an act of West Virginia, passed 25th September, 1863,* which provided in its first section as follows, viz.:
 'When any suit is instituted for any debt, or for damages for breach of any contract, on affidavit stating the amount and justice of the claim, that there is present cause of action therefor; or where it is to recover damages for any wrong, stating a certain sum which, at the least, the affiant believes the plaintiff is entitled to or ought to recover; that the defendant or one of the defendants is not a resident of this State, and that the affiant believes he has estate or debts due him within the county in which the suit is, or that he is sued with a defendant residing therein, the plaintiff may forthwith sue out of the clerk's office an attachment against the estate of the non-resident defendant for the amount so stated.'
 The act also provided that when an attachment was returned executed, an order of publication should be made against the defendant unless he had been served with a copy of the attachment, or with a process in the suit; that the right to sue out the attachment might be contested, and that when the court was of opinion that it was issued on false suggestions, or without sufficient cause, it should be abated. That when the attachment was properly sued out and the case was heard upon the merits, if the court was of opinion that the claim of the plaintiff was not established, final judgment should be given for the defendant; but if established, such judgment should be given for the plaintiff, and the court should proceed to dispose of the property attached as provided in the act. The act also provided that if the defendant, against whom the claim was, had not appeared, or been served with a copy of the attachment sixty days before the judgment or decree, the plaintiff should not have the benefit thereof, unless he should give bond with sufficient security, in such penalty as the court should approve, with condition to perform such future order, as might be made upon the appearance of the defendant, and his making a defence.
 The attachment sued out in the case was levied on the lands of the defendants, Pierce and Williams; but neither any copy of the attachment nor any process in the suit was served on either of them, nor did either of them appear in the case.
 Pursuant to the order of the court made in October, 1864, publication was made for four weeks of the suit, with notice requiring the defendants to appear therein within one month after publication. No appearance being had, and proof of publication being made, the case was, on the 20th of December, 1864, tried before a jury, who assessed against the defendants, Pierce and Williams, the plaintiff's damages at $690. The other defendants were found not guilty of the trespasses alleged. Upon this verdict, judgment was on the same day rendered by the court for the amount of the damages allowed, with interest until paid, and for a sale of the attached real property, subject however to the proviso that before the sale should take place, the plaintiff, or some one for him, should give bond, with sufficient security, in the penalty of $1500, conditioned to perform such future order as might be made upon the appearance of the said defendants and their making defence.
 At this time, December 20th, 1864, the act under which the attachment was issued and the above proceedings were had, provided in its twenty-seventh section, as follows:
 'If a defendant against whom, on publication, judgment or decree is rendered under any such attachment, or his personal representative shall return to or appear openly in this State, he may, within one year, after a copy of such judgment or decree shall be served on him at the instance of the plaintiff, or within five years from the date of the decree or judgment, if he be not so served, petition to have the proceedings reheard. On giving security for costs, he shall be admitted to make defence against such judgment or decree as if he had appeared in the case before the same was rendered, except that the title of any bon a fide purchaser to any property, real or personal, sold under such attachment, shall not be brought in question or impeached. But this section shall not apply to any case in which the petitioner or his decedent was served with a copy of the attachment, or with process in the suit wherein it issued more than sixty days before the date of the judgment or decree, or to any case in which he appeared and made defence.'
 Within one year from the date of the judgment, the defendants did petition the court to allow them a rehearing of the cause, but the court refused to allow their petition to be filed, because the affidavit to the petition did not conform to the provisions of an act of the legislature of West Virginia, passed on the 11th day of February, 1865,** amending the twenty-seventh section, above cited, so as to read as follows:
 'If a defendant, against whom, on publication, a judgment or decree has been or shall hereafter be rendered in an action or suit it which an attachment has been or may be sued out, and levied, as provided in this chapter, or his personal representatives, shall return to or openly appear in this State, he may, within one year, after a copy of such judgment or decree shall be served on him, at the instance of the plaintiff, or within five years from the date of such judgment or decree, if he be not so served, petition to have the proceedings reheard. Such petition shall be presented to the Circuit Court of the county in which the judgment or decree was rendered, and, unless it be presented on behalf of a corporation, shall state the residence of the defendant at the commencement of the present rebellion, and at the time such judgment or decree was rendered, the State of which he claims to be a citizen, and also his ground of defence against such judgment or decree, and shall be verified by the affidavit of the party presenting the same. The said petition, when not presented on behalf of a corporation, shall be accompanied by the affidavit of such defendant or his personal representative, stating the following facts: First. That such defendant never voluntarily bore arms against the United States, the reorganized government of Virginia, or the State of West Virginia. Second. That such defendant never voluntarily gave aid or comfort to persons engaged in armed hostility against the United States, the reorganized government of Virginia, or the State of West Virginia, by countenancing, counselling, or encouraging them therein. Third. That such defendant never sought, accepted, nor attempted to exercise any office or appointment whatever, civil or military, under any authority or pretended authority hostile to the United States, the reorganized government of Virginia, or the State of West Virginia. Fourth. That such defendant never yielded any voluntary support to any government, or pretended government, power, or constitution, within the United States, hostile or inimical thereto, or hostile or inimical to the reorganized government of Virginia, or the State of West Virginia; provided, nevertheless, that if the judgment or decree to against several defendants, upon a demand founded on contract, the court may order a rehearing and permit defence to be made on behalf of all the said defendants, if the petition be accompanied by the affidavit of any one of them stating the facts above mentioned. If the petitioner claims to be a citizen of this State, he shall also make and file an affidavit that he will support the Constitution of the United States and the constitution of West Virginia, and that he takes such obligation freely and of choice, without any mental reservation or purpose of evasion. Upon the filing of such petition and affidavit, a summons shall be awarded by the said court against the plaintiff or his personal representatives, commanding him to show cause, if any he can, at the next term of such court, why the defendant, or his personal representative, shall not be permitted to make defence to such decree, which summons shall be issued by the clerk of such court, and served upon the plaintiff, or his personal representative, at least thirty days before the return day thereof. Upon the return of such summons, executed, the plaintiff, or his personal representative, may file his own affidavit, or that of any other person, denying any one or more of the facts stated in the affidavit of the defendant, or his personal representative, filed with his petition as aforesaid, and showing wherein such defendant may have done or committed any of the acts mentioned in his said affidavit, and thereupon an issue shall be made by said court and tried by a jury, as to whether the said defendant has been guilty of the acts charged against him in said affidavit filed by the plaintiff, or his personal representative, upon which issue the plaintiff shall have the affirmative. If the jury find that the defendant has been guilty of any of the acts so charged against him, such defendant, his personal representative, and all others, in any way claiming under, by, or through him, shall forever be precluded from appearing in or making defence against such judgment or decree or in any manner questioning the validity thereof; but the court may grant new trials as in other cases.'
 To the judgment of the court refusing a rehearing the defendants excepted, and the case was removed to the Supreme Court of Appeals of West Virginia, by a writ of error, upon the question of the invalidity of the said act of February 11th, 1865, because it was repugnant to the Constitution of the United States; the ground of the alleged repugnance being that the act, in depriving the defendants for past misconduct, and without judicial trial, of an existing right, partook of the nature of a bill of pains and penalties, and was subject to the constitutional inhibition against the passage of bills of attainder, under which general designation bills of pains and penalties are included; and, also, that the statute in question, in depriving the defendants of the right they possessed, for acts to which such deprivation was not previously affixed by law as a punishment, came within the inhibition of the Constitution against the passage of an ex post facto law. The Court of Appeals, the highest one in the State in which a decision in the suit could be had, decided in favor of the validity of the act; and the judgment was now brought here for review.
 Mr. Caleb Bogess, for the plaintiff in error; Mr. B. Stanton, contra.
 Mr. Justice FIELD delivered the opinion of the court.
 
 
 1
 This case is covered in every particular by the decisions of this court in Cummings v. The State of Missouri, and in Ex parte Garland, reported in 4th Wallace. Upon the authority of those decisions the judgment of the Supreme Court of West Virginia must be REVERSED, and the cause remanded for further proceedings; and it is
 
 
 2
 SO ORDERED.
 
 
 3
 BRADLEY, J., dissented from the judgment, on the ground that the test oath in question was one which it was competent for the State to exact as a war measure in time of civil war.
 
 
 
 *
 Acts of West Virginia, 1863, p. 47-8.
 
 
 **
 Acts of West Virginia, 1865, pp. 20, 21, 22.