## SCHOOL DIST. No. 160, CADDO COUNTY, v. ALCOTT *et al.*

### No. 984.   Opinion Filed January 9, 1912.

#### (120 Pac. 562.)

**PUBLIC LANDS—Town Site—Conveyances.** There is no statute in force in this state which authorizes the president and board of trustees of towns or villages entered under section 2387, Rev. St. U. S. (U. S. Comp. St. 1901, p. 1457), to dispose of the lots remaining unsold for the benefit of the occupants, or to convey the same for school purposes, after deeds have been issued to such occupants severally for all lots proved up by them under said act.

(Syllabus by the Court.)

*Error from District Court, Caddo County;*
*F. M. Bailey, Judge.*

Action by School District No. 160, Caddo County, against W. W. Alcott and others. Judgment for defendants, and plaintiff brings error. Affirmed.

*Garrett & Mathews,* for plaintiff in error.

*Morris & Starkweather,* for defendants in error.

KANE, J. This was a suit commenced by the plaintiff in error, plaintiff below, to enjoin defendants in error, as the president and board of trustees of the town of Cement, from disposing of the lots that remained unsold in said town, as they were claiming the right to do under the town-site laws. The court below granted a temporary injunction, but thereafter dissolved the same, upon the ground that the board of trustees of the town of Cement held the lots in trust for the occupants of the town, and, the petition failing to allege that the school district was an occupant of the town, the petition did not state facts sufficient to state a cause of action. To reverse the order this proceeding in error was commenced.

The town authorities contended below that the undisposed of lots should be sold by them for the benefit of the occupants

of the town site, while the members of the board of school district No. 160 contended that the lots should be conveyed to the school district for school purposes. The land on which the town was situated was entered by the president of the board of trustees, under the provisions of section 2387 of the Revised Statutes of the United States, in January and February, 1909, and the following March a patent was issued to said president and his successors in accordance with the requirements of said section. The president and board of trustees executed deeds severally to such of the occupants of said town as proved up the same under said town-site law, and undertook to sell the undisposed-of lots for the benefit of the occupants of the town site. The plaintiff based its right to injunctive relief upon the town-site laws of Oklahoma, as embodied in chapter 81, Statutes of Oklahoma 1893. These laws seem to have been repealed by section 17 of the act of Congress approved March 3, 1891 (26 Stat. at Large, 1026), whereby the town-site laws of the state of Kansas were put in force in the territory of Oklahoma. *Brown v. Parker,* 2 Okla. 258, 39 Pac. 567.

After diligent search we have been unable to find any statute, state or federal, upon which the contentions of either party can be sustained. Without a statute to that effect, the trustees have no authority whatever to sell the undisposed-of lots to any person or for any purpose until the Legislature provides a law granting such authority. These government town sites are entered in trust for the several use and benefit of the occupants of the town site, collectively. *Brown v. Parker, supra; Winfield Town Co. v. Maris et al.,* 11 Kan. 128. It also follows that the school district is not and cannot be interested in the lots in question, and cannot, therefore, maintain this action.

The judgment of the court below, in dissolving the injunction, is therefore correct, and it is hereby affirmed.

TURNER, C. J., and HAYES and WILLIAMS, JJ., concur; DUNN, J., absent, and not participating.