*349 THIS was an action of covenant, brought in the cir. cuit court, by Hutcheson against Creel & Co. on the. following written agreement, viz :
Article of agreement made and entered into, this 21sc of January 1819, between Elijah Creel & Co. and Hutty B. Hutcheson, all of the county of Green and state of Kentucky, witnesseth : That the said Hutcheson doth bind himself to build a flat, bottomed boat, and convey the same with fifty hogsheads of tobacco, to New Orleans ; the boat to be the first quality treble i’oof, and all the work to be done in a strong manuer, so as to carry the tobacco to Orleans without sustaining any damages, the dangers of the river only excepted. For delivering said boat load of tobacco, at New Orleans, without any damage, the said Creel & Co bind themselves to pay said Hutcheson six hundred ¡dollars ; and it is further understood, that said Hutcheson is to have the boat ready to receive her loading, by the first day of February next; and to start with the first rise which may be sufficient, after said. Creel and Co. furnishes the loading, and also to receive the tobacco at Greensburg and Lasley’s ware houses; the said loading is to be ready between the first and twenty eighth day of February next. Hutcheson is to pay all expences in loading the tobacco, and delivering thesame at Orleans. Said Hutcheson also binds himself, to take charge of a boat belonging to said Creel and Co. and furnish hands to load and convey the same, with a full load of tobacco to New Orleans. Said loading is to be ready between the 1st and 28th day of February next. Said Hutcheson is to receive the tobacco at. Hatcher’s ware house, or the warehouse below on Green River, and to start with the first rise which may be thought sufficient. For the true performance of the same, the said Creel and Co. bind themselves to pay said Hutcheson, four hundred and fifty dollars, on the delivery of said boat-load of tobacco, without any damages, (the dangers of the river excepted,) at New Orleans.”
The declaration of Hutcheson, after setting out the. agreement, for breach alleges, that although the plaintiff has always, from the time of making the said covenant, well and truly perfoimed, kept and fulfilled all things, in the said deed of covenant contained, on his part to be performed, kept and lulfilled, according ta *350 the tenor, effect, true intent and meaning thereof, to wit, by building a flat bottomed boat, mid conveying the same, with fifty hogsheads of tobacco, to New Orleans ; the boat being of. the first quality, treble roof, and all the work done in a strong manner; and although the plaintiff had the said boat ready, to receive her loading by the first day of February, after the date of said deed of covenant, and did receive the same into said boat, and start with the first rise of the water, which was sufficient, after said Creel, and Co. furnished the loading at Greensburgh arid Laslcy’s warehouses, and did deliver the said boat and loading at New Orleans, wi thout any damage, the dangers of the'riVer only excepted, and did pay all the expences in loading the tobacco, and delivering the same at New Orleans. And although the plaintiff did take charge of aboat belonging to said Creel and Co. and furnish hands to load and carry" the same with a full load of tobacco to New Orleans, between the 1st and 28t.h day of Februaryj after the date of said deed of covenant, and start with the first sufficient rise of water after, and did convey the said boat and load of tobacco, without any damage, the dangers of the river only excepted; yet the said Creel and Co. have not kept and performed any thing in said deed of covenant contained, on their part and behalf to be performed, fulfilled and kept, according to the true intent and meaning thereof; but have broken the same in'this, that the said Creel and Co. have not paid the plaintiff the before mentioned sum of six hundred dollars, nor the before mentioned sum of four hundred and fifty dollars, nor any part thereof, &c.
■ The defendants, Creel and Co. after craving oyer of the deed of covenant, as to that part of the plaintiff’s declaration,’which relates to the non-payment of the fiioney for the first boat in the deed of covenant mentioned, pleaded- that the plaintiff did not build a flat bottomed boat, and carry the samé with fifty hogsheads of tobacco to New Orleans ; the said boat being of the first quality, treble roofed, and all the work done in a strong manner, so as to convey the said tobacco to New Orleans, without sustaining damage, the dangers of the river only excepted ; although they, the defendants aver, that said tobacco was furnished at Greénsburgh and Lasley’s ware houses, but the same before delivered at' Orleans,, was greatly damaged.;? *351 to the amount of 182 dollars. And further, the de. fendants, as to that part of the plaintiff’s declaration, which relates to the non-payment of the money, for the second boat in said covenant mentioned, say that the plaintiff did not take saidsecond boat and furnishhands, load and convey the same safely, with a full load of to. bacco, to New Orleans, starting with the first rise that was sufficient; although they aver that said, boat was furnished, and the plaintiff took possession of the saipe under said contract, with said load of tobacco, and that the same was greatly damaged before it was delivered at Orleans, &c.
To this plea, the plaintiff replied by alleging, that he did build a boat of the kind that he agreed to build, and did convey to New Orleans, for the defendants, the quantity of tobacco he agreed to carry,, and within the periods stipulated in said agreement ; which tobacco the.defendants accepted, and received of him, the plaintiff. And further, as to the second boat load mentioned in said covenant, the defendants did not furnish the boat, to convey the same, of a description which would carry the said tobacco safely; that he furnish. ed hands on his part, and took possession of said boat, and took the best care he could of her and load, and carried the same to New Orleans, and there delivered her as consigned and directed ; and she was there received and accepted by the defendants, &c.
To this replication the defendants demurred, and the demurrer being joined by the plaintiff, the court rendered judgment sustaining the demurrer, and in bar of the action.
From that judgment, the plaintiff has appealed to this court.
Whether or not the court decided correctly on the demurrer, is the only question presented for determination, by the assignment of errors.
In responding to that question, we have not thought it necessary to examine the sufficiency of the plaintiff’s replication; for by demurring to that replication, the defendants have brought all the pleadings before the court, for its adjudication ; and in looking back into the defendants’ plea, we entertain the opinion, that it is insufficient tobar the plaintiff’s action.
The object of the plea is, to traverse the complete and entire performance of the stipulations, which are- *352 contained in the deed of covenant, and which were to lie performed on the part of the plaintiff; and if a fail. in the performance of any part of the plaintiff’s stipulations, would preclude him from maintaining his action, it would be conceded that the plea forms a valid bar. For as respects both boats and loading mentioned in the deed of covenant, it must be admitted, that the pica denies an entire and perfect fulfilment of,tlie stipulations on the part of the plaintiff. It is mot, however, every slight failure on tbepart of the plaintiff, that will be sufficient to preclude him from maintaining an action on the covenant against the defendants, After a partial performance on .the part of the plaintiff, the residue not performed, forms but part of the consideration of the covenant on the part of the defendants to pay; and the rule in relation to the construction of covenants, is, that where a covenant goes only to part of the consideration on both sides, and a breach of such covenant may be paid for in damages, it is an independent, covenant, and an action maybe main, iained for a breach of the covenant, on the part of the defendant, without avering performance in the decía, ration. And hence it is said, that where a person has received part of the consideration for which he entered into an agreement, the law obliges him to perform the agreement on his part, and leaves him to his remedy to recover any damage he may have sustained, in mot having received the whole consider ation — 1 Saund. 320, N 4. And the reason is, that where a person has received a part of the consideration, for which he entered into the!agreement, it would be unjust that because he has not had the whole, be should therefore he permitted to enjoy that part, without either paying or doing any thing for it.
Now as respects the plea under consideration, notwithstanding, it denies the entire performance of the covenant, on the part of the plaintiff, it distinctly admits a partial performance, in his carrying and delivering the tobacco at New Orleans; and consequently, under the rule which has been adverted to, the plaintiff is entitled to maintain his action on the defendant’s covenant, leaving them to their action to recover any damage they may have sustained in consequence of his mot having completely fulfilled his part of the covenant
*353 It results, therefore, that the plea of the defendant is insufficient; and the court should have so decided on . the demurrer. The judgment must consequently be reversed with costs, and the cause remanded to the court below, and the defendant have leave to amend his plea, if he should ask permission to do so ; otherwise, judgment must be rendered in favor of the plaintiff, according to the principles of this opinion.