See note to this case in 36 L. R. A. 45.— REP.

MILWAUKEE ELECTRIC RAILWAY & LIGHT COMPANY, Plaintiff, vs. CITY OF MILWAUKEE and another, Defendants.

*December 18, 1896 — January 12, 1897.*

*Taxation: Exemption of property of street railway: Construction of statute: Constitutional law.*

1. Ch. 363, Laws of 1895 — requiring street-railway companies to pay license fees based on their gross receipts, and providing, in sec. 6, that the payment of such fees "shall be in lieu of all other taxes,

Milwaukee Electric R. & L. Co. vs. City of Milwaukee and another.

assessments and licenses of any such corporation, and all personal property, franchises and real estate owned by such company or corporation shall be exempt from assessment and taxation; except that all land or lots unimproved, or having buildings thereon, owned by such person, company or corporation, shall be liable to taxation for state, county and school purposes,"— clearly exempts from taxation all property owned by such companies, and not merely such as is used for railway purposes.

2. Sec. 3, art. XI, Const. (providing that "it shall be the, duty of the legislature, and they are hereby empowered, to provide for the organization of cities and incorporated villages, and to restrict their power of taxation, assessment, borrowing money, contracting debts and loaning their credit, so as to prevent abuses in assessments and taxation, and in contracting debts by such municipal corporations"), does not prevent the legislature from exempting the property of street-railway companies from special assessments for local improvements.

APPEALS from an order of the circuit court for Milwaukee county: D. H. JOHNSON, Circuit Judge. *Reversed on plaintiff's appeal; affirmed on that of the defendants.*

This is an action to enjoin and restrain the city of *Milwaukee,* its officers, etc., from selling, offering for sale, or returning delinquent, certain special taxes assessed or levied against the property of the plaintiff, described in the exhibit annexed to the complaint, and from issuing any certificate or certificates of sale thereon, and praying that the assessment and levy of said taxes or special assessments be declared void and of no effect, etc.

It appeared from the complaint that the plaintiff was a corporation, created and existing for constructing and equipping, leasing, maintaining, and operating by electricity or other power street railways for the transportation of passengers and material in the city and county of Milwaukee, and for other purposes; that its property consisted of about 120 miles of railway track, mostly within said city, together with all posts, wires, and other furniture incidental to and used by a street railway operated by electricity, and that

Milwaukee Electric R. & L. Co. vs. City of Milwaukee and another.

the plaintiff had acquired certain pieces of real estate in various portions of the city upon which are situated its power houses, barns, paint shops, and other buildings necessary for the conduct of its business; that it had paid, pursuant to ch. 363, Laws of 1895, to the state treasurer, before February 1, 1896, a sum of money equal to the percentage of its gross receipts for the twelve preceding months as shown by its duly-verified statement as filed with the county treasurer of Milwaukee county, and as provided by said statute; that the said defendant city assessed all the real estate of said plaintiff for state, county, and school purposes, and, in addition thereto, had assessed against said property special assessments for various purposes, namely, street sprinkling, repairing sidewalks, laying water pipe, removing snow, for general city, interest, and ward tax, and certificates of the board of public works for grading, graveling, paving, and curbing streets, amounting in all to $1,219.15, in items shown in the exhibit annexed to the complaint, and it was charged that said special assessments were assessed without authority of law, illegally, and contrary to the express provisions of the statutes of the state; that the defendants threaten and are about to collect said taxes, and sell said real estate, and to issue the usual certificates of sale thereon to the purchaser of said property; and that the assessment and levy of said taxes constitute a cloud upon the title to said real estate. It was also stated in the complaint that the plaintiff was ready and willing and thereby offered to pay any taxes or assessments which the court might determine it should in justice pay.

A temporary injunctional order was granted at the time of the commencement of the action, in substance as prayed for. The defendants, in their answer, alleged that the plaintiff had, in addition to the property necessary for its use in its street-railway business, and essential and devoted to that business, other real estate, not so essential and devoted, but

which was vacant or unused property, and part of which was leased for purposes entirely foreign to the street-railway business, and upon which some of the assessments set forth in the complaint were levied; and it was denied that the special assessments set forth in the complaint were assessed by the city, without authority of law, and expressly alleged that by the terms of sec. 12, subch. XX, ch. 184, Laws of 1874, being the charter of the city of *Milwaukee*, it was provided that real estate exempted from taxation by the laws of the state should be subject to special taxes, as other real estate, and that said provision had not been repealed; and the defendants denied that it was within the power of the legislature to prohibit the city of *Milwaukee* from levying special assessments upon real estate for benefits arising thereto from improvements made pursuant to law, and denied that all of the plaintiff's property was an entirety, which could not be divided and sold separately, but alleged that numerous parcels and parts of the real estate owned there were not essential to the enjoyment of its franchises, and in no wise constitute a portion of an entirety; and, except as above denied, defendants admit all the allegations of the complaint.

Motion was made to vacate the preliminary injunction, upon which a reference was made to a court commissioner to take testimony and report to the court as to what use, if any, was made of plaintiff's real estate mentioned in the complaint, and whether the same was improved or unimproved. The referee reported that all of the described property, except certain specified lots, was used by the plaintiff for railroad purposes. The court confirmed the report of the referee, and ordered that the temporary injunction be vacated and set aside as to the tracts not used for railroad purposes, and that it be granted and continued in force as to the other assessments mentioned in the complaint. From that part of the order vacating said injunction in part the

plaintiff appealed, and the defendants appealed from so much of the order as granted and continued the injunction as to the assessments on lots used for railroad purposes.

For the plaintiff there was a brief by *Miller, Noyes, Miller & Wahl,* and oral argument by *Geo. P. Miller.*

*C. H. Hamilton,* city attorney, for the defendants.

PINNEY, J.   1. By sec. 6, ch. 363, Laws of 1895 (the act to provide for the payment of licenses by street-railway companies within this state), it is provided that the license fee therein provided for " shall be in lieu of all other taxes, *assessments* and licenses of any such corporation, and *all personal property, franchises and real estate* owned by such company or corporation *shall be exempt from assessment and taxation;* except that all land or lots unimproved, or having buildings thereon, owned by any such person, company or corporation, shall be liable to taxation for state, county and school purposes."   This action concerns certain city assessments, which are special taxes.   The exemption of the lots in question from these assessments is in clear and unqualified terms, and it is shown that the plaintiff had paid its annual license fee, as required by the statute, which was required to be computed as follows: " One per cent. on the first $250,000 of its gross receipts; one and one-half per cent. upon the gross receipts over $250,000, and not exceeding $500,000; and two per cent. on all amounts over $500,000."   The validity of this act was not questioned as being in conflict with sec. 1, art. VIII, of the constitution, which requires that "the rule of taxation shall be uniform, and taxes shall be levied upon such property as the legislature shall prescribe;" and it appears to be in conformity with the construction this provision of the constitution received in *Wis. Cent. R. Co. v. Taylor Co.* 52 Wis. 37; *Wis. Cent. R. Co. v. Lincoln Co.* 57 Wis. 142, and *Green Bay & M. C. Co. v. Outagamie Co.* 76 Wis. 588.   It is contended that the exemption in question

should be construed as if it had been expressly limited to property of the street-railway company *used for railway purposes,* and the circuit court so construed it. We are unable to arrive at this conclusion, for to do so would require us to read into the statute words not found in it, and to give effect to a supposed intent not indicated by the language of the act. The exemption from assessment extends " to *all* personal property, franchises and real estate owned by any such company." This court holds that in all such cases " it is the duty of all courts to confine themselves to the words of the legislature, nothing adding thereto, nothing diminishing." *Hanson v. Eichstaedt,* 69 Wis. 546. We have no right to import into the act a limitation or restriction not found in it. The case of *Brightman v. Kirner,* 22 Wis. 58, is decisive against the contention of the defendants, and, if it were a question of construction, the act would have to be liberally construed in favor of the street-railway company, for the reasons stated in *Milwaukee & St. P. R. Co. v. Milwaukee,* 34 Wis. 271; *Milwaukee & St. P. R. Co. v. Crawford Co.* 29 Wis. 116; *State ex rel. Abbot v. McFetridge,* 64 Wis. 130. It is true that exemptions of property from taxation are, in general, to be construed strictly; but in the present case there is no language in the act justifying or requiring construction. The terms of the act are so clear as to exclude all occasion for it. If the act is unfair and inequitable, that is a question for the legislature, and the courts have no power to remedy it.

2. It is contended that the legislature has no power to exempt the plaintiff's lots from assessments, for the reason that sec. 3, art. XI, of the constitution provides that " It shall be the duty of the legislature, and they are hereby empowered, to provide for the organization of cities and incorporated villages, and to *restrict* their power of taxation, assessment, borrowing money, contracting debts, and loaning their credit, so as to prevent abuses in assessments and

taxation, and in contracting debts by such municipal corporations." The power of imposing assessments, such as are here in question, is essentially a legislative power delegated to the city and its proper officers, in like manner as the power of general taxation. The argument of the defendants' counsel would prove too much, and show that the legislature could not select the subjects of taxation, so as to exempt from taxation a particular class or kind of property, as the powers of assessment and taxation are mentioned in the same connection. The power of the legislature to exempt particular classes or kinds of property from taxation is well settled. Assessments are special taxes, and the power to exempt particular classes or kinds of property from assessments stands on as clear and undoubted ground as the power to make exemptions, in such cases, from general taxation. The entire matter of assessments was made a subject of legislative regulation and control, and we see no reason for doubting or denying the validity of the exemption claimed. It follows from these views that the part of the order appealed from by the plaintiff must be reversed, and the part appealed from by the defendants must be affirmed.

*By the Court.*— Judgment is ordered accordingly, and the case is remanded to the circuit court for further proceedings according to law.