**NEW YORK LIFE INS.. CO. v. TOWN OF COMANCHE et al.**

No. 7979—Opinion Filed Oct. 24, 1916.

Rehearing Denied Jan. 23, 1917.

(162 Pac. 466.)

**1. Insurance—License Taxes—Right to Impose.**

Where a foreign life insurance company pays the taxes contemplated by section 3426, Revised Laws of 1910, no additional tax or burden can be imposed by any municipality within this state upon an agent of said company for the privilege of soliciting insurance for it within said municipality.

**2. Injunction—Remedy—Scope of.**

Equity will restrain by injunction a proceeding under an invalid ordinance, which, if allowed to proceed, would destroy property rights and inflict irreparable injury.

(Syllabus by Hooker, C.)

Error from District Court, Stephens County; Cham Jones, Judge.

Action by the New York Life Insurance Company, a corporation, against the Town of Comanche, Okla., a municipal corporation, and others. There was a judgment for defendant, and plaintiff brings error. Reversed, with directions.

Burwell, Crockett & Johnson, for plaintiff in error.

A. W. Reynolds, Riley & Sandlin, and Chas. L. Moore, for defendants in error.

Opinion by HOOKER, C. This action was instituted to restrain the enforcement of an ordinance of the town of Comanche, which attempted to impose a license fee upon all insurance agents doing business therein in the sum of $2.50 per year. The New York Life Insurance Company alleged that it was a foreign insurance company engaged in the business of soliciting and writing life insurance policies in the state of Oklahoma, and that it had been duly licensed to conduct said business therein during the year 1915, and had paid all the fees required by the laws of the state including an annual tax of 2 per cent. on all premiums collected in the state after all cancellations and dividends to policy holders were deducted, and also an annual tax of $3 on each local agent.

It is further alleged here that one Kessler, who resided at Anadarko, Okla., was a duly appointed agent of the company with authority to solicit life insurance risks in the state of Oklahoma, and that the said Kessler as the agent of the company during the month of September, 1915, and for some time prior thereto, was engaged in soliciting life insurance in the town of Comanche, and that the officers of said town in order to enforce the ordinance aforesaid had caused the arrest of said Kessler for a violation thereof, and had imposed a fine upon him in the court of the justice of the peace, which required him to appeal from the justice court to the county court, and that the officers of said town threatened to and intended to arrest the said Kessler whenever he attempted to write insurance in the town of Comanche, without paying the license tax aforesaid.

It is alleged that under the law of this state, that the town of Comanche could not require the said Kessler, as the agent of the New York Life Insurance Company, to pay the license tax provided by the ordinance, but that inasmuch as the New York Life Insurance Company had paid the taxes afore-· said, that its agent was authorized to write insurance in any part of the state, and that any attempt by the town of Comanche to compel the said Kessler to pay said license tax was interference with the business of Kessler as the agent of the company, and that in view of the fact that the officers of said town intended to constantly and repeatedly arrest him, causing him great detriment and loss, and the company loss to its business, that the company was entitled to an injunction here to restrain the enforcement of said ordinance. So the question presented to this court is: Is it lawful for the governing body of a municipality in this state to impose a license fee or tax upon a life insurance agent for a foreign life insurance company, which company has paid the annual taxes provided by section 3426, Revised Laws of 1910?

The company contends that because it paid the annual tax of 2 per cent. on all premiums after cancellations and dividends to policy holders had been deducted, and an annual tax of $3 on each local agent, and such other fees as were required by law, that the same was in lieu of all other taxes or fees, and in lieu of all taxes and fees of any subdivision or municipality of the state, and that any attempt by the town of Comanche to compel any agent of the company to pay an additional license tax or fee in order to write life insurance within the municipality was unlawful, without authority of law, and imposing an additional tax or burden upon the company in violation of the statute, while the town of Comanche asserts that by virtue of section 681, Revised Laws of 1910, it had the authority to levy a license tax on life, or fire insurance companies or agencies in this state.

It cannot be gainsaid that it was within the power of the Legislature to enact section 3426, Revised Laws of 1910, which imposed a tax upon foreign life insurance companies, and provided that this tax should be in lieu of all other taxes to the state or any subdivision, or municipality thereof. The authorities are uniform,. that the lawmaking body may properly classify property for the purposes of taxation, and if all property of the same character is brought within this class, that no principle of law is violated which rendered the classification improper or unlawful. So in this case we will treat it as an established fact that the Legislature had the authority, as stated, to. enact section 3426, Revised Laws of 1910. The purpose of this act is plainly stated in the statute, and in our judgment it is the law in this state prescribing the manner and method by which taxes upon foreign life insurance companies may be collected in this state, and when the company complies with this provision of the statute, and pays all the taxes prescribed by this act, the state, the county, and every municipality in the state are prohibited from imposing any other burden in the way of taxation upon said company. Whatever may have been the right of the municipality or county or state prior to the enactment of this statute to impose taxes upon the prop-· erty of the company, was withdrawn by the act aforesaid, and as a substitution therefor the method of taxation provided by section 3426, Revised Laws of 1910, was enacted in its stead.

We cannot agree with the contention of the defendant in error that section 681 of Revised Laws of 1910 repealed section 3426, Revised Laws of 1910, or gave to the town of Comanche the right to impose a license tax upon this company which was denied to it by section 3426. Section 681 of Revised Laws of 1910 was enacted by the act of the Legislature of 1907, and section 3426, Revised Laws of 1910, was enacted by the act of the Legislature of 1909, and that part of the law of 1907 which is in conflict with the act of 1909 is repealed, and it is perfectly apparent and requires no difficulty to determine that the intention of the Legislature in the enactment of the law of 1909. was to withdraw from the municipalities the right it had previously granted to them of imposing an occupation tax on insurance companies or agencies.

In the case of San Francisco v. Pacific Telephone & Telegraph Co , 166 Cal. 244, 135 Pac. 971, the Supreme Court of California said:

"(1) The appellant, relying upon the well-settled rule that exemptions from taxation are to be strictly construed (2 Lewis' Suth. Stat. Const. sec. 539), argues that every doubt concerning the meaning of the provision in question must be resolved against the defendant. But we think the amendment does not grant any exemption within the meaning of this rule. As we have pointed out, it provides a specific mode of taxation, in substitution of certain other modes. In Merrill Ry. & Lighting Company v. City of Merrill, 119 Wis. 249, 96 N. W. 686, the court, after recognizing the doctrine of strict construction of exemptions, goes on to say: 'On the other hand, it is equally well settled that, where the statute in terms exempting property from general taxation is only a part of a general statutory scheme substituting a license or other impost in lieu of general taxation, the rule of strict construction has no application ; but, on the contrary, such a statute is to be construed liberally in favor of the person required to pay taxes in the substituted license form.' To the same effect are the cases of M. & St. P. R. v. Supervisors, 29 Wis. 116 ; Same v. Milwaukee [34 Wis. 271 ; Milwaukee, E. R. & L. Co. v. Milwaukee] 95 Wis. 42. 69 N. W. 794, 3 L. R. A. 45, 60 Am. St. Rep. 81 : and Duluth, etc. R. Co. v. Douglas County. 103 Wis. 75, 88, 79 N. W. 34. See, also, Osborn v. N. Y. & N. H. R. Co., 40 Conn. 491 ; Neary v. Phil., etc., R. Co., 7 Houst. (Del.) 419, 9 Atl. 405, 414, 415 ; Jersey City G. Co. v. Jersey City, 46 N. J. Law, 195, 196 ; Black on Interp. Laws, sec. 143."

There can be no doubt, if Kessler were engaged in any other business that is not exempt from the payment of this license tax or were attempting to engage in any other business not within the exempted class, that the plaintiff in error would not be entitled to any relief against the enforcement of the ordinance here, but that is a question we cannot decide here. Under the allegations of the petition the company is interested in the business done and policies written and delivered by the agent, and any interference or restraint which curtails the privilege of the agent in writing and delivering policies necessarily interferes with the financial interest of the company.

This court, in the case of Yale Theater v. City of Lawton, reported in 35 Okla. 446. 130 Pac. 136, said:

"It also seems to be settled that equity will restrain, by injunction, criminal proceedings under an invalid ordinance, which. if allowed to proceed, would destroy property rights and inflict irreparable injury. Dobbins v. Los Angeles, 195 U. S. 223, 25 Sup. Ct. 18, 49 L. Ed. 169 ; Southern Express Co. v. Ensley (C. C.) 116 Fed. 756 ; Montgomery v. Louisville, etc., R. Co., 84 Ala. 127. 4 South. 626 ; Platte, etc., Canal, etc., Co. v.

Lee, 2 Colo. App. 184, 29 Pac. 1036; Poyer v. Des Plaines, 123 Ill. 112, 13 N. E. 819, 5 Am. St. Rep. 494; Davis v. Fasig, 128 Ind. 271, 27 N. E. 726; Newport v. Newport, etc., Bridge Co., 90 Ky. 193, 13 S. W. 720, 8 L. R. A. 484; Boyd v. Frankfort, 117 Ky. 199, 77 S. W. 669, 111 Am. St. Rep. 240. See, also, Davis, etc., Mfg. Co. v. Los Angeles, 189 U. S. 207, 23 Sup. Ct. 498, 47 L. Ed. 778; Ignaz v. Knoxville, 1 Tenn. Ch. App. 1.

"The bill seeking the injunction must set out facts which will enable the court to say whether the injury will be irreparable; and that such will be the character of the injury must clearly appear."

When we construe the petition here, we are of the opinion that the allegations thereof are sufficient to show irreparable injury to the plaintiff in error unless the defendants in error are restrained.

We therefore conclude that section 3426, Revised Laws of 1910, is in force in this state, and that any foreign life insurance company which pays the taxes contemplated by this act cannot be subjected to a license tax by any municipality in this state, and any attempt by the municipality to impose a license tax is unlawful, and where the enforcement of an ordinance attempting to impose this tax interferes with the business or profits of the company, that it is entitled to an injunction to restrain the same.

The judgment of the lower court is therefore reversed, with directions to grant to the plaintiff in error an injunction as prayed for.

By the Court: It is so ordered.