**ALL STATES INVESTORS, INC.,**
Plaintiff-Appellee,

v.

**The BANKERS BOND COMPANY, Inc.,**
**Elinore Sedley, Defendants-**
**Appellants,**

and

**James E. Dunne, II, Moses Master, Administrator of the Estate of Charles D.**
**Dunne, Deceased, Defendants-Appellees.**

No. 15959.

United States Court of Appeals
Sixth Circuit.

April 7, 1965.

Wilbur O. Fields, Louisville, Ky., for appellants.

Henry J. Stites, Louisville, Ky., for James E. Dunne, II, and others.

Henry R. Heyburn, Louisville, Ky., and Henry W. Strasburger, Dallas, Tex. (Henry W. Strasburger, Royal H. Brin, Jr., Strasburger, Price, Kelton, Miller & Martin, Dallas, Tex., Henry R. Heyburn, Clay L. Morton, Marshall, Cochran, Heyburn & Wells, Louisville, Ky., on the brief), for All States Investors.

Before CECIL, PHILLIPS and EDWARDS, Circuit Judges.

CECIL, Circuit Judge.

This cause of action grew out of the issue and sale of bonds by the City of West Buechel, a Sixth Class City of the State of Kentucky. The details of this ingenious transaction are set forth in an opinion of this Court reported at Texas Continental Life Insurance Company v.

Dunne, 307 F.2d 242, and in the opinion of a District Judge reported at Texas Continental Life Insurance Company, Plaintiff v. Bankers Bond Company, Inc., Elinore Sedley, Charles D. Dunne and J. E. Dunne II, Defendants, 187 F.Supp. 14.

The Texas Continental Life Insurance Company hereinafter referred to as Texas Continental purchased $100,000 of these bonds and All States Life Insurance Company made a purchase of the bonds in the amount of $250,000. Mr. B. F. Biggers represented these insurance companies in the purchase of the bonds.

The bonds [1] subsequently defaulted and actions were brought in the United States District Court for the Western District of Kentucky by Texas Continental and All States Life Insurance Company for recovery on the bonds. The defendants were The Bankers Bond Company, Inc., Elinore Sedley, James E. Dunne II, and Moses Master, Administrator of the Estate of Charles D. Dunne, Deceased, hereinafter referred to as Bankers Bond, Mrs. Sedley and the Dunnes. The alleged causes of action were common law fraud and violation of the Securities Act of 1933, the Securities Exchange Act of 1934 and Rule X–10b–5 of the Securities & Exchange Commission. A trial of the Texas Continental case resulted in a disagreement by the jury. Thereafter, on motion, the District Judge granted judgment to the plaintiff. 187 F.Supp. 14. On appeal we remanded the case to the District Court for retrial. 307 F.2d 242. The cases were then consolidated for trial. All States Investors, Inc., the plaintiff-appellee herein, and hereinafter referred to as All States Investors, is the assignee of All States Life Insurance Company. Judge Frank Wilson sitting by designation from the Eastern District of Tennessee tried the cases to a jury for three days beginning January 21, 1963.

After the noon recess, on January 23rd, the parties announced that all matters at issue between the parties in both cases had been settled. The jury was dismissed and the entry of a final order was postponed pending the closing of the settlement by the parties within thirty days. The settlement between the plaintiff Texas Continental and the defendants having been consummated, according to the agreement, we are not further concerned with that case. Upon failure of the parties in the other case to consummate the settlement agreement, Judge Wilson granted a judgment against Bankers Bond and Elinore Sedley in the sum of $257,500 plus interest, in favor of the plaintiff All States Investors. It is this judgment and the procedure by which it was obtained that is now before us on this appeal.

For the purposes of this review, the pertinent provisions of the settlement agreement between All States Investors and the defendants are as follows:

1. An action pending in Texas between All States Investors, and James E. Dunne, II, was to be dismissed with prejudice and without award of costs of either party.

2. Bankers Bond and Mrs. Sedley were to purchase, at the time of closing, from All States Investors $250,000 of the face amount of the West Buechel revenue bonds for $90,000 and a promissory note with Bankers Bond and Mrs. Sedley as makers in the amount of $15,-000. The note was to be paid in five equal annual installments of $3,000 each without interest. In the event of default, there was an acceleration clause making the entire balance due with interest at 6% from date of default.

3. Closing was to be within thirty days from the execution of the agreement.

4. The parties were to release liability on United States Government Bonds in the face amount of $150,000 held as collateral security by Fidelity and Deposit Company of Maryland, surety upon

---

1. On a preliminary motion in this case, briefed by counsel, the District Judge held that the bonds were invalid. There is no appeal from that order of January 22, 1959, and we accept it as a final adjudication of the issue.

a supersedeas bond in the Texas Continental case.

5. The West Buechel bonds were to be delivered simultaneously with the payment of the money and the delivery of the note. Mutual releases were to be exchanged between the parties.

6. Upon consummation of the closing of the settlement agreement, an order was to be entered dismissing the case with prejudice.

7. Item (4) of the agreement provided in part:

"To avoid further delay, hardship, inconvenience, or costs to the parties, this agreement contains a stipulation with respect to the event of failure of the defendant to consummate this transaction of a nature which will vest jurisdiction and right in this Court to make and enter the order hereinafter provided."

The stipulation to which reference is made is as follows:

"If the Bankers Bond Company and Mrs. Elinore Sedley, or either of them, shall fail, within the time herein provided for consummation and closing of this agreement, to carry out and perform their obligations thereunder, as hereinabove provided, this Court shall have the right, authority and jurisdiction, upon certification of such fact by counsel of record for each of the plaintiffs, without notice or the necessity for the hearing of any further evidence, forthwith to enter a judgment in each case in amount claimed in the complaint against the defendants, The Bankers Bond Company and Mrs. Elinore Sedley, and a joint judgment in both cases against the defendant, James E. Dunne, II, in the amount of $15,000 and said defendants hereby waive any right which they might have to appeal or seek to appeal 'from the judgment so entered."

It was further stipulated that the West Buechel bonds, which were the property of All States Investors, were in the possession of the Honorable Martin R. Glenn, Clerk of the United States District Court, at Louisville. The agreement was signed by Henry R. Heyburn and Ira Lee Allen as attorneys for Texas Continental Life Insurance Co., by Henry W. Strasburger as attorney for All States Investors, Inc., by A. Berkowitz and J. C. Satterfield as attorneys for The Bankers Bond Company, Inc., by Henry J. Stites as attorney for James E. Dunne, II, by G. Charles Childre, president of the Texas Continental Life Insurance Co., by Tyrus R. Davis, president of The Bankers Bond Company, Inc., by Mrs. Elinore Sedley, and by James E. Dunne, II. The District Judge filed a copy of the agreement with the Clerk of the Court on October 10, 1963.

On February 21, 1963, the parties met and Bankers Bond and Mrs. Sedley tendered performance of their obligations in accordance with the agreement. All States Investors was unable to deliver the West Buechel bonds and the agreement was not consummated. It developed that the Clerk of the Court did not have the bonds and the parties were unable to locate the bonds or account for them.

On April 18, 1963, counsel for plaintiff-appellee moved for judgment for $250,-000 (sic) with interest from 1957. Judge Wilson heard the motion on April 27th. The lawyers and all parties were present. In the meantime, All States Investors had obtained an indemnity agreement of both All States Investors and B. F. Biggers. It had dismissed the action in Texas according to agreement. It had also released the government bonds which had been held by Fidelity and Deposit Company of Maryland which was required in order that Bankers Bond and Mrs. Sedley could meet their payment of $90,000 to All States Investors. At the hearing of April 27th, Judge Wilson directed counsel for appellee to file an amended motion for judgment which would insure that all issues presented by the failure to consummate the settlement agreement would be before the Court.

Such an amended motion was filed on May 6, 1963.

Judge Wilson decided this motion in an opinion filed October 4, 1963. He found that on the basis of the record the bonds in question were, by accident and without fault or intention of anyone, lost, stolen or misplaced. He further found that the plaintiff had tendered an assignment, release and indemnity agreement by which it warranted ownership of the bonds, made an assignment of them to Bankers Bond, released the defendants from any claims arising out of the bonds and agreed to indemnify the defendants against any loss by reason of failure to produce them. The indemnity agreement was guaranteed by B. F. Biggers and Judge Wilson found it to be adequate security.

Judge Wilson also found that in accordance with the settlement agreement, the plaintiff dismissed with prejudice its pending lawsuit in Dallas, Texas, that the defendant James Dunne, II, delivered his note for $15,000 payable to Bankers Bond and Mrs. Sedley, and that Bankers Bond and Mrs. Sedley received and retained this note.

Judge Wilson said:

"The Court finds that all of this, when considered together, constitutes substantial performance of the settlement agreement upon the part of the plaintiff and that the failure to deliver the bonds under the circumstances does not constitute a material failure of performance on the part of the plaintiff."

He also found that the negotiations of the parties subsequent to the discovery of the loss of the bonds constituted a modification of the agreement.

Judge Wilson ordered the parties "to effect a closing in accordance with the settlement agreement with delivery of the executed assignment, release, and indemnity agreement of the plaintiff and the executed guaranty agreement of B. F. Biggers being made in lieu of the delivery of the bonds." He fixed a new closing date of October 21, 1963. He further held that in event of further default by the defendants and upon proper tender by plaintiff, a "summary judgment" would be entered against the defendants.

On October 21, 1963, a motion was filed on behalf of Bankers Bond and Mrs. Sedley requesting the court to withdraw its opinion of October 4th and overrule the motion of plaintiff for judgment. October 23rd, a further motion was filed to substitute new counsel of record for the defendants. On October 22nd, counsel for plaintiff field a motion certifying the default of defendants to consummate the settlement on October 21st, and for judgment in the amount of the original complaint. By order of October 26th the court denied the motion to withdraw the opinion of October 4th and granted the defendants leave to substitute new counsel. November 12, 1963, was fixed as a new closing date and the parties were ordered to consummate the settlement in the same manner as provided for the October 21st settlement date.

In an opinion filed December 6, 1963, Judge Wilson passed on motions and a petition with response of Bankers Bond and Mrs. Sedley, as follows: November 8th, Bankers Bond and Mrs. Sedley for leave to file an answer and third-party complaint; November 12th, same parties for leave to file a transcript of the proceedings held on April 27, 1963; November 13th, All States Investors, for judgment; November 30th, A. Berkowitz, former attorney for defendants Bankers Bond and Mrs. Sedley, to strike third-party complaint.

The court said in part:

"Taking up first the motions on behalf of the defendants, The Bankers Bond Company, Inc. and Elinore Sedley, the Court is of the opinion that the motions should be disallowed. In essence the defendants, The Bankers Bond Company, Inc., and Elinore Sedley, seek to disregard all that has heretofore occurred in this lawsuit, all of the orders heretofore entered, the agreement which they are parties to in person as well as by counsel, and after five years of litigation, by the device of changing

counsel and repudiating the authority of former counsel, seek to file a new answer and recommence their defense of this litigation. In addition, by 'third-party complaint,' they seek to institute a new lawsuit against their former counsel. This procedure is unknown to the Court and no authority for it is cited. The Court carefully considered its opinion with regard to the enforcement of the settlement agreement in view of the loss of the subject municipal bonds. Decision of the Court that the loss of the bonds did not render the agreement unenforcible was based not only upon negotiations of the parties with reference to the substitution of indemnity, but also on the law with reference to lost instruments and the facts of this case as the Court found them to be. The Court carefully reconsidered its opinion in this regard in light of the defendants' motion to reconsider and the defendants' denial of authority of its former counsel before overruling the motion to reconsider.

"Now, by motion to be allowed to file a new answer and a third-party complaint, the defendants would disregard the clear rulings and orders heretofore lawfully and properly entered and start anew. The only apparent justification asserted by the defendants for this procedure is that they now have new counsel and wish to proceed upon his advice and to repudiate the authority of their former counsel to represent them. The record would seem to reflect that the defendants have of their own volition added or dropped no less than five attorneys in the past year of this litigation alone. The Court is unable to find any merit in the defendants' contentions with reference to former counsel having acted without authority or without knowledge of the defendants. The record reflects that the defendants were most ably represented during the time of which they now complain. The authority of the defendants' former attorneys is questioned by the defendants only with reference to negotiations in regard to acceptance of indemnity in place of the lost, stolen, or misplaced bonds. It is fundamental that a party is bound by the actions of his attorney, in the absence of fraud or collusion, 7 C.J.S., 'Attorney and Client,' Sec. 80; 5 Am.Jur., 'Attorney at Law,' Sec. 85, et seq. Not only is there a total absence of fraud or collusion, but on the contrary the record reflects that the defendants personally approved the settlement agreement as evidenced by their signatures on the agreement. The record reflects that they were personally present at the hearing before the Court on the motion to enforce the settlement agreement when there was a full discussion of the matters now complained of. Furthermore, the Court's opinion with regard to the enforcement of the settlement agreement by substitution of the indemnity agreement for the lost, stolen, or misplaced bonds was based upon the law with reference to lost instruments, and the fact that the plaintiff had already partially performed under the agreement by dismissal with prejudice another lawsuit, as well as the negotiations between the parties. The legal conclusion reached by the Court with regard to the enforcement of the agreement would have been required in the absence of any negotiations between the parties with regard to indemnity."

The court denied the motion of Bankers Bond and Mrs. Sedley for leave to file an answer and third-party complaint and held that in effect that disposed of the petition of A. Berkowitz. The motion to file a transcript of the proceedings of April 27th was allowed. We agree with the rulings of the trial judge on these motions and find no merit on this appeal to the assignments of error based on such rulings.

The court sustained the motion of All States Investors and granted judgment

(March 19, 1964) to it in the amount of $257,500, plus accrued interest on coupons, and the interest accrued on the various amounts from the date they became due. This judgment was subsequently amended (April 15, 1964) to include only $257,500 plus interest on that amount from March 19, 1964. This judgment was further amended (May 21, 1964) to read that All States Investors take nothing from defendant, James E. Dunne II, and that the cause of action against defendant, Moses Master, Administrator of the Estate of Charles D. Dunne,* be dismissed with prejudice. The pertinent question on this appeal is whether the District Judge committed error in granting judgment to the plaintiff-appellee.

■ We consider first whether the District Judge had the authority to enforce the settlement agreement within the original action out of which the agreement arose. The agreement provided that immediately upon the consummation of the closing of the transaction an order of dismissal was to be entered. The court thus retained jurisdiction of the case pending the closing of the settlement agreement and we are of the opinion that it had the authority and duty to adjudicate the issues presented in its enforcement. The court said in Cummins Diesel Michigan, Inc. v. The Falcon, etc. and W. C. Wright, etc., 7 Cir., 305 F.2d 721, at 723:

"Federal and State Courts have held under a great variety of circumstances that a settlement agreement or stipulation voluntarily entered into cannot be repudiated by either party and will be summarily enforced by the Court. (Citations) We need not further labor this phase of the case. The findings incorporated in the decree are supported by the record and the authorities justify the action of the Court."

In Melnick v. Binenstock, 318 Pa. 533, 179 A. 77 at 78, the Court said:

"A compromise or settlement of litigation is always referable to the action or proceeding in the court where the compromise was effective; it is through that court the carrying out of the agreement should thereafter be controlled. Otherwise the compromise, instead of being an aid to litigation, would be only productive of litigation as a separate and additional impetus."

See also, American Textile Machine Corp. v. United States, 220 F.2d 584, 587–589, C.A.6. No cases to the contrary from Kentucky or elsewhere have been cited to us nor have we found any.

At the outset we are confronted with the question of substantial performance, on the part of All States Investors. In this regard we are concerned only with the failure of All States Investors to deliver the bonds to Bankers Bond.

■ The District Judge found that the parties were mutually mistaken at the time of the agreement as to the location of the bonds. He further found that the bonds were lost, stolen or misplaced through no fault of the plaintiff-appellee. All States Investors executed an assignment of the bonds to Bankers Bond and a release of Bankers Bond and Mrs. Sedley from any liability arising out of the bonds. In addition All States Investors and B. F. Biggers executed a guaranty against loss which the District Judge held to be adequate security. The bonds were in default, were generally regarded as worthless and had been adjudicated invalid. Although not actually adjudicated the trial judge expressed the opinion that any recovery on the bonds was barred by the statute of limitations.

■ Under these circumstances we are of the opinion that the failure to deliver the bonds was not a material variance from the terms of the contract and would not excuse performance on the part of the defendants Bankers Bond and Mrs. Sedley. We agree with the trial judge that there was substantial performance on the part of All States Investors, and that the failure to deliver the bonds, under the circumstances, did not constitute a material failure of performance. Ken-

* Defendant Charles D. Dunne died during the pendency of this action.

tucky follows the doctrine of "substantial performance." See Hutcheson v. Creel & Co., 12 Ky. 349, 352, and City of Newport v. Newport & C. Bridge Co., 90 Ky. 193, 13 S.W. 720, 721, 8 L.R.A. 484.

The trial judge found that the parties had modified the agreement and that All States Investors was entitled to have it enforced in its modified form. The record is not clear on this point and having concluded that there is no material variance we do not reach that question.

We come now to the question of whether the trial judge committed error in granting judgment to the plaintiff-appellee in accordance with the stipulation of the agreement. Counsel contends that this is not in compliance with Rule 56 of the Federal Rules of Civil Procedure relating to summary judgment. This rule is not applicable to the situation in the case before us. We have here a judgment entered by stipulation and agreement of the parties. Neither is the judgment barred by Section 372.140 of K.R.S.[2] It is neither a judgment by confession nor a judgment entered before an action is instituted. It is in the nature of a judgment by consent.[3] We know of no reason why parties cannot stipulate to a judgment being entered upon the happening of a certain event which can be determined with certainty. No valid reason has been advanced contra. Finding as we do that there was no material variance in the performance of the agreement on the part of All States Investors which would excuse performance by Bankers Bond and Mrs. Sedley, we conclude that the judgment was properly entered.

Having complied with the terms of the settlement agreement, the District Judge dismissed the Dunnes from the action.

The appellants, Bankers Bond and Mrs. Sedley, appealed from this dismissal. Counsel for the appellants made no claim in his opening brief against the Dunnes. In his reply to the Dunnes' brief, counsel says, "(I)t is appellants' contention on this appeal that the action should have been dismissed as to each of the defendants, and if in error on that contention, then the Dunnes should be subject equally with the appellants, in any further proceedings, that may be ordered."

Since we find no error in granting judgment against the appellants and order no further proceedings herein, the judgment of the District Court as to all parties is affirmed.

---

2. "(1) Any power of attorney to confess judgment or to suffer judgment to pass by default or otherwise, and any release of errors, given before an action is instituted, is void.

"(2) No person shall appear for a defendant under any such power in any court in this state."

3. "A consent decree is an agreement of the parties under the sanction of the court as to what the decision shall be." See The Ansaldo San Giorgio I, 2 Cir., 73 F.2d 40, 41, and authorities cited therein.