**In the Matter of the Claim for Refund of Sales Tax.**

**PROFESSIONAL INVESTORS LIFE INSURANCE COMPANY,**
Appellant,

v.

**OKLAHOMA TAX COMMISSION,**
Appellee.

**No. 75178.**

Supreme Court of Oklahoma.

Dec. 3, 1991.

Rehearing Denied March 4, 1992.

**1.** Okla.Stat. tit. 36 § 624 (Supp.1988) provides:

James R. Lieber, Tulsa, for appellant.

Joe Mark Elkouri, General Counsel, Tony Mastin, Asst. General Counsel, Oklahoma Tax Com'n, Oklahoma City, for appellee.

HODGES, Vice Chief Justice.

This is an appeal from an order of the Oklahoma Tax Commission (Commission) for a refund of sales tax. The appellant, Professional Investors Life Insurance Company (Professional), underwrites insurance in Oklahoma. Professional pays an annual tax on premiums generated from the sale of insurance (premium tax) pursuant to Okla.Stat. tit. 36, § 624.[1] Public Service Company of Oklahoma (PSO) has provided electric service to Professional for a number of years. Prior to August 26, 1988, PSO did not bill Professional for any tax on

For all insurance companies or other entities taxed pursuant to this section, the annual license fee and tax and all required membership, application, policy, registration, and agent appointment fees shall be in lieu of all

the electricity nor did PSO pay sales tax to the Commission on electric service provided to Professional.

On August 26, 1988, Oklahoma's Attorney General issued an opinion which stated:

It is, therefore, the official opinion of the Attorney General that the provisions of 36 O.S.Supp. 1988, § 624 do not exempt an insurance company from the payment of sales tax, where such insurance company is acting as the purchaser of goods or services and a sales tax would otherwise be imposed.[2]

The Commission advised PSO of the attorney general's opinion. In turn, PSO advised Professional that Professional would be billed for sales tax on electric service provided by PSO.

Professional responded that it would delete the sales tax amount from its payment to PSO. Thereafter, PSO billed Professional for sales tax on electric service which Professional refused to pay. Then PSO notified Professional that electric service was scheduled to be cut-off on November 21, 1988, for non-payment of the sales tax amount.

On December 28, 1988, Professional filed suit against PSO and the Commission and obtained a temporary order restraining PSO from cutting off electrical service to Professional. Subsequently, the temporary restraining order was dissolved, and the suit was dismissed without prejudice. PSO requested a credit for sales tax paid to the Commission on behalf of Professional. The Commission denied the request. Then Professional formally requested a refund of sales tax paid on electricity and a determination that Professional was exempt from payment of all sales tax. The Commission denied Professional's refund re-

quest. Professional demanded a hearing. The administrative law judge denied the refund in her Findings, Conclusions, and Recommendations. The Tax Commission En Banc denied a request for oral hearing and adopted the Findings, Conclusions, and Recommendations of the administrative law judge.

The dispositive issue is whether insurance companies are exempt under section 624 of title 36 from paying sales tax. We agree with the Commission that insurance companies are not exempt.

The Commission relies on section 1354 of the Oklahoma Sales Tax Code (Tax Code)[3] as authority for denying the refund. Section 1354 of the Tax Code states, "There is hereby levied upon all sales, *not otherwise exempted in the Oklahoma Sales Tax Code,* an excise tax of four percent (4%) of the gross receipts or gross proceeds of each sale of ... electricity...." Sections 1355 through 1359 of the tax code lists numerous exemptions to the sales tax imposed by section 1354. Insurance companies which pay premium tax are not among those exemptions.

Professional does not disagree that section 1354 of the Tax Code imposes a sales tax on the sale of electricity. Rather, Professional relies on section 1351 of the Tax Code which states, "[T]his Code shall be construed as imposing a tax upon the sale of tangible personal property and services, not otherwise exempted, to the consumer." Professional asserts that section 624 of title 36 is clear and provides the exemption provided for in section 1351. Therefore, it is exempted from the sales tax imposed by section 1354.

Section 624 provides that "annual license fee and tax ... shall be in lieu of all other state taxes or fees." Section 624 has its

---

other state taxes or fees, except those taxes and fees provided for in the Insurance Code and in Sections 501 through 2510 of Title 63 of the Oklahoma Statutes, and the taxes and fees of any subdivision or municipality of the state, except ad valorem taxes and the tax

required to be paid pursuant to Section 50001 of Title 68 of the Oklahoma Statutes....

2. 20 Op. Att'y Gen. 81, 85 (1988) (No. 88–34).

3. Okla.Stat. tit. 68, §§ 1301–1372 (Supp.1988).

foundation in the Oklahoma Constitution.[4] Article 19, section 2 provides that, unless otherwise provided by law, foreign insurance companies doing business in Oklahoma shall pay "two percentum on all premiums collected in the state" and "three dollars on each local agent." In 1909, the legislature enacted the predecessor to section 624 which imposed an annual premium tax of two per cent on all premiums collected within the state and three dollars on each local agent and provided that the taxes were paid "in lieu of all other taxes or fees, and the taxes and fees of any subdivision or municipality of the State."[5] The "in lieu of" language has been carried forward to the current version of the statute with only slight modifications.[6]

This court first considered the "in lieu of" language in *New York Life Ins. Co. v. Town of Comanche.*[7] In *Town of Comanche,* the town attempted to impose a license fee on an agent of New York Life Insurance Company (New York Life). New York Life had paid the annual state premium tax.[8] We held "that any foreign life insurance company which pays the [premium] taxes contemplated by [the premium tax statute] cannot be subjected to a license tax by any municipality in this state...."[9]

In 1932, this Court once again considered the "in lieu of" language of the premium tax statute in *New York Life Ins. Co. v. Board of County Comm'rs.*[10] In that case, we held that insurance companies who paid the annual premium tax were not exempt from county ad valorem tax. We held that the annual premium tax was not "in lieu of personal ad valorem taxes, but only in lieu of all other licenses or privilege fees or agency taxes...."[11] We found that:

> The words of the statute are not exemptive words, but are limitations on the right of a city or any other municipality or subdivision of the state from levying and collecting any further license, privilege, occupation fee or tax on a foreign insurance company licensed to do business within the state.[12]

In 1945, the Legislature adopted the decision of *Board of County Commissioners* and amended the "in lieu of" provisions to except ad valorem taxes.[13] Thereafter, the legislature enacted other exceptions to the "in lieu of" language.[14]

On August 6, 1988, the Oklahoma Attorney General issued his opinion stating that insurance companies who pay premium taxes pursuant to section 624 are not exempt from the payment of sales tax on purchased goods or services when "a sales tax would otherwise be imposed."[15] This opinion is consistent with this Court's ruling in

4. OKLA CONST. art. 19, §§ 1–2.

5. Comp. Laws of Okla. § 3742 (1909).

6. Currently Okla.Stat. tit. 36, § 624 (Supp.1990), provides:
> For all insurance companies or other entities taxed pursuant to this section, the annual license fee and tax and all required membership, application, policy, registration, and agent appointment fees shall be in lieu of all other state taxes or fees....

7. 62 Okl. 247, 162 P. 466 (Okla.1916).

8. *New York Life Ins. Co. v. Town of Comanche* was brought under Okla.Rev.Laws § 3426 (1910), which is the predecessor to Okla.Stat. tit. 36, § 624 (Supp.1990), and successor to Comp. Laws of Okla. § 3742 (1909).

9. *New York Life Ins. Co. v. Town of Comanche,* 162 P. at 468.

10. 155 Okl. 247, 9 P.2d 936 (1932). In 1921, Comp. Laws of Okla. § 3742 (1909), was codified at Comp.Okla.Stat. § 6687 (1921).

11. *New York Life Ins. Co. v. Board of County Comm'rs,* 9 P.2d at 943.

12. *Id.*

13. 1945 Okla.Sess. Laws tit. 36, ch. 1, § 1 (codified at Okla.Stat. tit. 36, § 104 (Supp.1957).

14. *See* 1986 Okla.Sess. Laws ch 251, § 8; 1987 Okla.Sess. Laws c. 175, § 5; 1988 Okla.Sess. Laws c. 83, § 5.

15. 20 Op.Att'y Gen. 81, 85 (1988) (No. 88–34).

*Board of County Commissioners.*[16]  The Attorney General found that section 624 does not exempt an insurance company from paying sales tax when the "insurance company is acting as the purchaser of goods or services and a sales tax would otherwise be imposed."  We agree with the Attorney General's opinion and reaffirm our holding in *Board of County Commissioners* that the annual premium tax is "only in lieu of all other licenses or privilege fees or agency taxes."

Because we find that Professional is subject to the sales tax assessed by the Commission, we need not address the remaining arguments.  The Commission correctly denied the refund.

AFFIRMED.

OPALA, C.J., and LAVENDER, SIMMS, DOOLIN, HARGRAVE, ALMA WILSON and SUMMERS, JJ., concur.

KAUGER, J., concurs in result by reason of stare decisis.

---

**16.**  After the Attorney General rendered the opinion, the Legislature amended section 624 twice.  Neither of the last two amendments created a new exception to the "in lieu of" provision or refuted the Attorney General's opinion.