YALE THEATER CO. v. CITY OF LAWTON *et al.*

No. 4631.   Opinion Filed February 11, 1913.

(130 Pac. 135.)

1. INJUNCTION—Violation of Ordinance—Irreparable Injury. A prosecution for violation of a municipal ordinance will not be enjoined on the mere ground that the ordinance is void, because such invalidity constitutes a complete defense to the prosecution, and is thus available in a court of law.

    (a) However, equity will restrain, by injunction, criminal proceedings under an invalid ordinance, which, if allowed to proceed, would destroy property rights and inflict irreparable injury.

2. APPEAL AND ERROR—Discretion of Trial Court—Dissolution of Temporary Injunction. The dissolution of a temporary injunction is usually in the discretion of the court, and will not be held erroneous, except in case of manifest abuse or on clear showing of error.

(Syllabus by the Court.)

*Error from District Court, Comanche County;*
*J. T. Johnson, Judge.*

Action by the Yale Theater Company against the City of Lawton and others. Judgment for defendants, and plaintiff brings error. Dismissed.

*Key & Michaelson,* for plaintiff in error.

*C. C. Black,* for defendants in error.

WILLIAMS, J.   On October 29, 1912, the plaintiff in error, as plaintiff, began an action in the lower court against the defendants in error, city of Lawton, A. R. McLennan, commissioner of finance, M. A. Nelson, commissioner of public property, and George Short, commissioner of public safety, as defendants, praying that "an injunction issue against the defendants * * * and their agents and employees, restraining them and each of them from enforcing" parts of a certain ordinance.

Upon application, "a temporary injunction" was granted, restraining said defendants, "their servants and agents from enforcing" said ordinance, or certain parts thereof; and it was further ordered "that the 4th day of November, 1912, is hereby set for the time for hearing and determining said petition for injunction."

On November 2, 1912, defendants filed a motion to vacate the "temporary restraining order," and on November 4, 1912, the court having heard the motion "to have the temporary injunction heretofore issued dissolved," the same was taken under advisement. On November 9th the court sustained the motion "to dissolve the temporary injunction." The decree or judgment recites that the motion filed "to dissolve and set aside the temporary restraining order" was sustained.

On November 12, 1912, a motion for a new trial was filed and overruled; the plaintiff being granted an extension of seventeen days in which to make and serve its case-made, and the defendants five days in which to suggest amendments to the case-made, the same to be settled on three days' notice by either party. See *Reynolds v. Phipps et al.,* 31 Okla. 788, 123 Pac. 1125.

The defendants in error move to dismiss this appeal, on the ground that the temporary injunction was a temporary restraining order, and that the same spent its force on November 4th, the day set for hearing as to the granting of the temporary injunction, as no action was taken by the court to make it further effective, or to continue it in force; and that on November 9th, when the court entered an order purporting to dissolve the same, there was no order in force then to be dissolved. If this was a restraining order and not a temporary injunction, the contention is well taken. *Ex parte Grimes,* 20 Okla. 446, 94 Pac. 668.

Assuming, for the purpose of this case, that it had the effect of a temporary injunction, should the order be affirmed?

In *Thompson v. Tucker,* 15 Okla. 486, 83 Pac. 413, 6 Ann. Cas. 1012, paragraph two of the syllabus is as follows:

"A prosecution for violation of a municipal ordinance will not be enjoined on the ground that the ordinance is illegal, as that fact is a defense to the prosecution."

The same rule is announced in *Golden v. Guthrie,* 3 Okla. 128, 41 Pac. 350.

It also seems to be settled that equity will restrain, by injunction, criminal proceedings under an invalid ordinance, which, if allowed to proceed, would destroy property rights and inflict irreparable injury. *Dobbins v. Los Angeles,* 195 U. S. 223, 25 Sup. Ct. 18, 49 L. Ed. 169; *Southern Express Co. v. Ensley* (C. C.) 116 Fed. 756; *Montgomery v. Louisville, etc., R. Co.,* 84 Ala. 127, 4 South. 626; *Platte, etc., Canal, etc., Co. v. Lee,* 2 Colo. App. 184, 29 Pac. 1036; *Poyer v. Des Plaines,* 123 Ill. 112, 13 N. E. 819, 5 Am. St. Rep. 494; *Davis v. Fasig,* 128 Ind. 271, 27 N. E. 726; *Newport v. Newport, etc., Bridge Co.,* 90 Ky. 193, 13 S. W. 720, 8 L. R. A. 484; *Boyd v. Frankfort,* 117 Ky. 199, 77 S. W. 669, 111 Am. St. Rep. 240. See, also, *Davis, etc., Mfg. Co. v. Los Angeles,* 189 U. S. 207, 23 Sup. Ct. 498, 47 L. Ed. 778; *Ignaz v. Knoxville,* 1 Tenn. Ch. App. 1.

The bill seeking the injunction must set out facts which will enable the court to say whether the injury will be irreparable; and that such will be the character of the injury must clearly appear. *Orange City v. Thayer,* 45 Fla. 502, 34 South. 573.

DECEMBER TERM, 1912.—VOL. XXXV.      447

In *Mobile v. Louisville, etc., R. Co.,* 84 Ala. 115, 4 South. 106, 5 Am. St. Rep. 342, it appeared that a railroad had acquired a vested right in the streets of a city for certain purposes. It was held that the enforcement of a penal ordinance interfering with this right would be enjoined.

The dissolution of a temporary injunction is usually in the discretion of the court, and will not be held erroneous, except in case of manifest abuse or on clear showing of error. *Cunningham v. Ponca City,* 27 Okla. 858, 113 Pac. 919; *Bristow v. Carriger et al.,* 24 Okla. 324, 103 Pac. 596, 25 L. R. A. (N. S.) 451.

The appeal is dismissed.

All the Justices concur.