**STOUT et al. v. PARDOE, Co. Atty., et al.**

No. 17703. Opinion Filed Sept. 13, 1927.

(Syllabus.)

1. **Appeal and Error—Discretion of Trial Court—Dissolution of Temporary Injunction.**

The dissolution of a temporary injunction is usually in the discretion of the court, and will not be held erroneous except in the case of manifest abuse or on clear showing of error.

**2. Injunction—Restraint of Enforcement of Invalid Law—Rule not Invokable to Prevent Officers Discharging Duty in Suppressing Violation of Law.**

Equity will restrain by injunction a proceeding under an invalid law which if allowed to proceed will destroy property rights and inflict irreparable injury, but cannot be invoked to prevent public officers from discharging their duty in suppressing violation of law.

**3. Nuisance — Abatement by Injunction Where no Interference With Legitimate Use of Real Property.**

The trial court may legally abate any nuisance and by injunction prohibit the continuation of the same under the provisions of the prohibitory law or the general provisions of the statute of this state so long as the order of injunction does not prohibit the use, for legitimate purposes, of the real property in which the nuisance abated and enjoined is maintained.

Error from District Court, Creek County; J. Harvey Smith, Judge.

Action by E. S. Stout et al. against W. F. Pardoe et al. Judgment for defendants, and plaintiffs appeal. Affirmed.

George H. Jennings, for plaintiffs in error.

W. F. Pardoe, Co. Atty., for defendants in error.

PHELPS, J. The parties occupy the same position here as they occupied in the court below and will, therefore, be designated as plaintiffs and defendants.

Plaintiffs were the owners of an amusement park located between Drumright and Oilton near the paved highway in Creek county, at which park they conducted a dance hall. They filed their petition in the superior court of Creek county alleging that W. F. Pardoe, county attorney of Creek county, J. Arthur Wilson, sheriff of Creek county and, A. F. Cline, deputy sheriff of Creek county, threatened to arrest and imprison plaintiffs if they continued to operate such amusement park and concessions thereon and thereby destroy the value of their property, and prayed for a restraining order and, upon final trial, an injunction to prohibit defendants from interfering with the operation of such amusement park. A temporary restraining order was issued.

Defendants filed their answer, admitting their several official positions, but denying that they had threatened to arrest plaintiffs or close said amusement park except through a lawful order of a court of competent jurisdiction, and, by way of cross-petition on behalf of the state of Oklahoma, W. F. Pardoe, as county attorney, alleged that the dance hall operated at said amusement park constituted a public nuisance and prayed for an injunction against the operation of the same. The petition for temporary injunction came on for hearing, at the close of which the court refused to grant the injunction and dissolved and set aside the temporary restraining order, to which action of the court plaintiffs excepted and gave notice of appeal.

Thereafter the cross-petition filed by the county attorney was heard, and at the conclusion of the trial the court, in its findings of fact, found that said dance hall was a place where law violators congregated and committed infractions of the prohibitory laws and used obscene language in and around said dance hall and engaged in other unlawful acts, thereby rendering said place a nuisance, and granted an injunction against the plaintiffs having, receiving, and storing intoxicating liquors thereon for an unlawful purpose and from allowing persons selling and drinking intoxicating liquors to congregate therein, and directed that such dance hall be closed for all unlawful purposes, and specifically provided that the order was not intended to enjoin the plaintiffs from the conduct of any lawful business nor restrict the use of said premises for residential purposes.

Plaintiffs duly excepted to this finding and judgment of the court and, from the court's judgment in dissolving the temporary restraining order and granting the injunction on the cross-petition, prosecute this appeal.

Counsel for plaintiffs insist that the court erred in dissolving the temporary restraining order, and also erred in refusing to render judgment in favor of plaintiffs for an injunction against the defendants, and also erred in granting the injunction against plaintiffs on defendants' cross-petition.

The three assignments of error may be considered together, for it goes without saying that if the court were right in granting the injunction against plaintiffs, it could not be wrong in dissolving the temporary restraining order and in refusing to grant the injunction against the defendants. This court has repeatedly held that the dissolution of a temporary restraining injunction is a discretionary matter with the court unless it appears that there is a

manifest abuse of such discretion. Yale Theatre Co. v. City of Lawton, 35 Okla. 444, 130 Pac. 135.

32 Corpus Juris 261, states the general rule that:

"Police officers will not be enjoined from performing their proper duties in the exercise of the general police power even though. it has been held. the acts may. be performed in an oppressive and unlawful way. The remedy is ordinarily by action for damages, or by a criminal prosecution."

It seems counsel for plaintiffs rely upon Yale Theatre Co. v. City of Lawton, 35 Okla. 444, 130 Pac. 135, New York Life Insurance Co. v. Town of Comanche, 62 Okla. 247, 162 Pac. 466, and City of Tulsa v. Metropolitan Jewelry Co., 74 Okla. 107, 176 Pac. 956, but an examination of these authorities shows that these were actions to enjoin the enforcement of a void city ordinance and the argument that the court should have enjoined defendants in this case goes far afield when based upon these authorities.

It will not be disputed that equity by injunction will interfere to prevent the enforcement of an illegal and oppressive ordinance where it is made to appear that valuable property rights are invaded and irreparable injury will result from its enforcement. but that condition does not prevail in the instant case. There is no claim here that the law under which the officers claim they. were about to interfere with the operation of this dance hall was invalid, but they content themselves with asserting that they were violating none of the laws of the state.

Our attention has not been called to decisions of our own court defining the law in such cases. but undoubtedly we should follow the rule laid down by the New York court in the case of Suesskind et al. v. Bingham. 110 N. Y. Supp. 213, where in the syllabus it said:

"Equity is without jurisdiction at the instance of the proprietors or the lessees of a dance hall let for hire on Sunday, in alleged violation of Sunday observance law, to grant an injunction restraining interference by the police, and the remedy, if any, is by an action at law against the individual officers for damages or indictment of them for interference with the property or business."

To the same effect is the holding in Eden Musee American Co., Ltd., v. Bingham, 110 N. Y. Supp. 210.

The remaining question for us to dispose of is whether the evidence was sufficient to justify the finding and judgment of the court in granting the injunction, and we deem it not inappropriate to here briefly summarize the evidence upon which the trial court's judgment was based. ;

B. B. Carnahan testified. that he was a constable; that when at the dance hall about three weeks prior to the trial he saw persons drinking intoxicating liquors, and that some time prior thereto he had there arrested four persons and had found beer and whisky on the premises and had seen men and women in compromising positions about the premises.

Homer Cox, a farmer, testified that on Sunday night, some four or five weeks previous, he had seen a man take a bottle from his inside pocket and give it to a woman, who drank therefrom, at which time the woman used vile, profane, and indecent language.

Roy Cox, a deputy sheriff, testified that he had been at this dance hall five or six times and had arrested several people for being in an intoxicated condition on the premises, at one time arresting two boys and a girl who were very drunk, and that about three weeks prior to the trial he had seen two unmarried girls and two men together in a bed made in a Ford truck, and that he had arrested a boy and a girl who had just left the dance hall and had possession of a gallon of "Choc."

Wilma Gootch testified that about three weeks prior to the trial she had seen people at the dance hall in an intoxicated condition.

O. N. Stevens testified that he was an officer and had arrested three or four people for being drunk on the premises and using profane language, and that he had seen corn whisky there and that, as a general thing, every night a dance was conducted there there was drinking and intoxication, and that on several occasions he had seen certain lewd women there.

W. D. Norris testified that he was a deputy sheriff living at Drumright and that the reputation of the Shady Grove Park and Dance Hall was bad. R. W. Lackey testified to the same thing.

In the light of this testimony. we are unable to see how the court could have arrived at any other decision than the one reached. as the facts are quite similar to the facts disclosed by the record in Gragg v. State, 73 Okla. 132, 175 Pac. 201, and

McNulty v. State, 90 Okla. 267, 217 Pac. 467.

Clearly, the evidence shows this dance hall to be a nuisance as defined by either section 7022, C. O. S. 1921, the intoxicating liquor statute, or section 7871, C. O. S. 1921, the public nuisance statute, and, in view of the fact that the injunction does not prohibit the plaintiffs from using the premises for legitimate purposes, we see no just grounds for complaint on their part. If they are sincere in their protestations that they are conducting a legitimate business, this injunction will not interfere with their doing so.

The judgment of the superior court is affirmed.

BRANSON, C. J., MASON, V. C. J., and LESTER, HUNT, CLARK, and RILEY, JJ., concur.

Note.—See under (1) 4 C. J. p. 803, §2768; 32 C. J. pp. 390, 391; 2 R. C. L. p. 211; 14 R. C. L. p. 464; 4 R. C. L. Supp. p. 904. (2) 32 C. J. p. 243, §385; p. 261, §411; 14 R. C. L. p. 367; 3 R. C. L. Supp. 217. (3) 33 C. J. p. 691, §399; p. 700, §413; 29 Cyc. pp. 1219, 1220, 1250.