## WRIGHT v. CITY of GUTHRIE et al.

No. 20103.　Opinion Filed June 30, 1931.

172

Dale, Brown & Hoyland, for plaintiffs in error.

Merle G. Smith, for defendants in error.

CLARK, V. C. J. Plaintiff in error, as plaintiff, began this action in the district court of Logan county against the defendants in error, as defendants, to enjoin the defendants, their agents and subordinates, from molesting or interfering with the plaintiff in the conduct of his business, and prosecuting or attempting to prosecute cases filed against him, and further arresting and harrassing plaintiff upon alleged violations of what is commonly known as a zoning ordinance, and alleged violation of ordinance with reference to maintaining a public nuisance, pending the final disposition on appeal of the first case against him under each of said ordinances. Temporary restraining order was granted.

Defendants answered by way of general denial, alleged the zoning ordinance was passed pursuant to a general act of the Legislature; that the business of plaintiff is in a district against which a restriction is made in the ordinance, and that the restriction is fair, reasonable and within the power of the city to so legislate; and that the operation of the business of the plaintiff within the defendant city is deemed a nuisance; that the business so conducted by plaintiff constitutes not only a private but public nuisance; and by way of cross-petition prayed that plaintiff be enjoined from continuing operation of said business. Attached copies of the ordinances.

Reply of plaintiff was by way of denial of the new matter set up in the answer, and that he was engaged in a lawful business.

Upon a hearing the trial court denied the application of plaintiff for injunction; and also dismissed and denied the defendants relief under the cross-petition. Motions for new trials were filed. Overruled. Exception. Plaintiff brings the cause here for review.

The evidence disclosed plaintiff was engaged in the fur exchange business, receiving house for furs, purchased from trappers, hunters, and dealers. A great many green furs are among them, and some dead animals skinned there on the premises; use heat for drying and preparing them for shipment; takes about 48 hours to dry the furs; light ones 24 hours, and some skins three days; averages about 400 skins a day; scrapes the surplus fat off the furs; that there is a skunk odor in the building, and immediately in front of building, and some evidence that at times it could be smelt for some distance away; that the plaintiff had leased the building and spent money in advertising, and that it was during the open season, and if had to move would be quite an injury to him.

The ordinance in question is what is commonly known as the zoning ordinance; provides for four zones or districts:

U-1, Residence district;

U-2, Apartment house district;

U-3, Business and light manufacturing district;

U-4, Heavy industries district

—and under each is designated the particular type of industries and businesses that shall be confined to such particular districts.

U-4 designates, among other businesses, the following:

(28) Curing rawhide,

(53) Rawhide storage, curing or tanning,

(62) Skin storage, curing or tanning.

It was stipulated and agreed between the parties that plaintiff had been arrested four times, Dec. 5, 6, 7, 8, 1928. Found guilty; fines assessed, $5, $10, $15 and $20; that the plaintiff was engaged in business in the district designated under U-3.

It was contended by defendants that the business of plaintiff came under the designated districts set out in U-4.

No contention is made but what the plaintiff began operating his business after the passage of the zoning ordinance.

It was further agreed in the record that the plaintiff had been arrested for violation of section 340, Revised Ordinances of Guthrie, 1913, which is as follows:

"Any green or unsalted hides kept in any exposed or open place within the city, shall be deemed a unisance. * * *"

It was further agreed:

"That the property in question at 720 West Noble, is a concrete block building 25 foot frontage by about 60 feet in length; that immediately west of this is a barbecue stand, and immediately west of that is the Southwest Grocery Store; that east of the place of plaintiff is a barber shop, mattress factory, cotton gin, and immediately across the street is a second-hand store, Piggley

Wiggley grocery store, a drug store, furniture store, and another grocery store."

Plaintiff in error contends that the business which he was conducting is not defined in specific terms by said ordinance as being a heavy industry, and that it is, therefore, a light industry, and as such is not prohibited at the location selected by plaintiff.

Also, that the ordinance prescribing restrictive and cumulative penalties for violations thereof is unconstitutional and void on its face.

The ordinance prescribes for violation of the ordinance a fine of not less than $5, nor more than $19 for each offense. And further provides that each day that a violation is permitted to exist shall constitute a separate offense.

Chapter 178, Sess. Laws. 1923, pages 301 and 302, provides:

"For the purpose of promoting health, safety, morals, or the general welfare of the community, the legislative body of cities and incorporated villages is hereby empowered to regulate and restrict the height, number of stories, and size of buildings and other structures, the percentage of lot that may be occupied the size of yards, courts and other open spaces, the density of population, and the location and use of buildings, structures, and land for trade, industry, residence or other purposes."

Zoning laws are of modern origin, and the Legislature, in its wisdom, enacted the zoning law to meet the needs of this modern age, the great increase and concentration of population, and the problems of development, and the problems which are constantly developing, which require, and will continue to require, additional restrictions in respect to the use and occupation of private lands in the cities and villages of our great Nation; which laws, before the existing conditions of to-day, would have been condemned as arbitrary and unreasonable.

The rights and powers of cities to pass zoning laws have been upheld by this court, and the reasons therefor fully discussed in the cases of Baxley v. City of Frederick, 133 Okla. 84, 271 Pac. 257; McCurley v. City of El Reno, 138 Okla. 92, 280 Pac. 467, and the cases therein cited.

With reference to the question of the plaintiff in error's right to injunctive relief, this court, in the case of Yale Theatre Co. v. City of Lawton, 35 Okla. 444, 130 Pac. 135, first paragraph of the syllabus, said:

"A prosecution for violation of a municipal ordinance will not be enjoined on the mere ground that the ordinance is void, because such invalidity constitutes a complete defense to the prosecution, and is thus available in a court of law.

"(a) However, equity will restrain, by injunction, criminal proceedings under an invalid ordinance, which, if allowed to proceed, would destroy property rights and inflict irreparable injury."

And in the case of Turner v. City of Ardmore, 41 Okla. 660, 130 Pac. 1156, this court said, first paragraph of the syllabus:

"Plaintiffs obtained an order restraining the city of Ardmore from prosecuting them for refusing to pay an occupation tax assessed against them by such city. Held, such order was erroneous for the reason that plaintiffs had an adequate remedy under the statutes by appeal from the judgment of the municipal courts."

And, in the case of Simmons v. Sanders, 80 Okla. 126, 194 Pac. 893, first paragraph of the syllabus, this court said:

"Where the enforcement of a city ordinance is attacked by appeal to the district court on the ground of the invalidity of the ordinance, injunction will not lie to restrain enforcement of such ordinance pending appeal unless it appears that complainant is in immediate danger of irreparable damage pending such appeal."

The contention of plaintiff in error that the clause, "each day that a violation is permitted to exist shall constitute a separate offense," is unconstitutional, unreasonable, and excessive, and is without merit; otherwise, a zoning law would not be of any effect. A violator thereof could pay one fine and continue in the violation thereof.

And in the case of Ex parte Tindall, 102 Okla. 192, 229 Pac. 125, sixth paragraph of the syllabus, this court said with reference to "police power":

"The police power is an attribute of sovereignty, inherent in every sovereign state, and not derived from any written Constitution, nor vested by grant of any superior power.

"The term 'police power' comprehends the power to make and enforce all wholesome and reasonable laws and regulations necessary to the maintenance, upbuilding, and advancement of the public weal and protection of the public interests.

"It is plastic in its nature, and will expand to meet the actual requirements of an advancing civilization, and adjust itself to the necessities of moral, sanitary, economic, and political conditions.

"No principle in our system of government will limit the right of government to respond

to public needs and protect the public welfare."

And this court has held with reference to the power of cities to declare and abate nuisances, in the case of Magnolia Petroleum Co. v. Wright, 124 Okla. 55, 254 Pac. 41, first and second paragraphs of the syllabus:

"1. The Constitution and statutes delegate to cities power to declare and abate nuisances.

"2. A grant of power to a municipality to declare what shall constitute a nuisance, and to remove same, while it does not empower the municipality to declare a thing a nuisance which is clearly not one, does empower it to declare anything a nuisance which, by reason of its location or use, or local conditions and surroundings, may or does, among other things, become a nuisance within the statutory definition of that term."

And in the case of Mitchell v. City of Lawton, 124 Okla. 60, 253 Pac. 999, first paragraph of the syllabus, this court said:

"A city ordinance, which has for its purpose, the prevention of an offense, or protection of the public morals, safety, or welfare, or prescribes rules for carrying on an occupation or business in order to prevent injury to the public, is, in its nature, a police regulation."

And in the case of Yale Theater Co. v. City of Lawton, supra, second paragraph of the syllabus, this court held:

"The dissolution of temporary injunction is usually in the discretion of the court, and will not be held erroneous, except in case of manifest abuse, or on clear showing of error."

And was followed in the case of Miller v. White, 129 Okla. 184, 265 Pac. 646, third paragraph of the syllabus:

"The dissolution of a temporary injunction is largely a matter of judicial discretion, to be determined by the facts of each particular case, and except in cases of palpable abuse of such discretion, or a clear showing of error on the part of the trial court, the Supreme Court will not interfere with, or in any manner control this discretion."

A review of the record discloses that the evidence supports the judgment of the court, and there has not been an abuse of discretion on the part of the trial court, and finding no error in the judgment of the trial court, said judgment is affirmed.

LESTER, C. J., and RILEY, HEFNER, CULLISON, SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur.