## CITY of BLACKWELL et al. v. GRIFFITH AMUSEMENT CO.

No. 20967. Opinion Filed April 26, 1932.

Withdrawn, Corrected, Refiled, and Rehearing Denied Nov. 29, 1932.

Roy W. Cox and H. F. Wilson, for plaintiffs in error.

J. E. Curran and Peyton E. Brown, for defendant in error.

HEFNER, J. This is an action brought in the district court of Kay county by the Griffith Amusement Company, a corporation, against the city of Blackwell, its mayor, chief of police, and the city commissioners, to enjoin them from enforcing an ordinance requiring plaintiff to close its picture show on Sunday. and to enjoin them from arresting and prosecuting its employees for operating its shows on Sunday in violation of the ordinance.

Plaintiff alleges it has invested large sums of money in the picture show business in the city of Blackwell and has made preparation for operating its shows on Sunday; that it has a right under the state laws to so operate its shows; that defendant city has enacted an ordinance which prohibits it from operating its shows on Sunday; that the ordinance is invalid for various reasons. It further alleges that the city is attempting to enforce the ordinance

and will prosecute its employees for violation thereof unless enjoined; that an attempt to enforce the ordinance against it and the arrest of its employees for a violation of the ordinance would amount to destruction of its property and cause it irreparable injury and damage.

Defendants demurred to the petition on the ground that it did not state facts sufficient to authorize the granting of an injunction; the demurrer was overruled; defendants declined to further plead; and the court thereupon entered judgment in favor of plaintiff and granted the injunction.

Defendants have appealed and contend that the court erred in everruling their demurrer to the petition. Assuming, without deciding, that the allegations of the petition are sufficient to show that the ordinance enacted by defendant city is void, still, in our opinion, the injunction should not have been granted because plaintiff had an adequate remedy at law.

If the ordinance be invalid, as contended by plaintiff, and its employees prosecuted thereunder, the invalidity thereof would constitute a complete defense to the prosecution. In the case of Wright v. City of Guthrie, 150 Okla. 171, 1 P. (2d) 162, this court announced the following rule:

"A prosecution for violation of a municipal ordinance will not be enjoined on the mere ground that the ordinance is void, because such invalidity constitutes a complete defense to the prosecution and is thus available in a court of law.

"However, equity will restrain, by injunction, criminal proceedings under an invalid ordinance which, if allowed to proceed, would destroy property rights and inflict irreparable injury."

Numerous authorities are cited in this opinion to sustain the conclusion therein reached. The action in that case was one to enjoin the officers of the city of Guthrie from prosecuting plaintiff for engaging in business in violation of a zoning ordinance. The court held the injunction would not lie to enjoin a prosecution thereunder. The reasoning of that case applies to the case at bar, and we think is decisive against the contention of plaintiff.

It is claimed by plaintiff that, in the event of prosecution of its employees under the ordinance, if the trial court should hold the ordinance valid, plaintiff would be required to close its show on Sunday pending an appeal and a final determination as to the validity of the ordinance, or subject its employees to arrest each and every Sunday pending the appeal. This is not necessarily

true, because plaintiff could, immediately upon the arrest of any of its employees, contest the validity of the ordinance by an original action in habeas corpus in this or any other court of competent jurisdiction.

The Colorado Supreme Court, in City of Denver v. Beede, 54 P. 626, held that an action to enjoin a prosecution under an ordinance closing picture shows on Sunday, on the ground that the ordinance was void, would not lie because the illegality of the ordinance would constitute a complete defense to the prosecution.

The rule is, of course, well established that equity will restrain by injunction criminal proceedings under an invalid ordinance or statute which, if allowed to proceed, would destroy property rights and inflict irreparable injury. Stout v. Pardoe, 128 Okla. 3, 261 P. 366; Nation v. Chism, 154 Okla. 50, 6 P. (2d) 767.

The parties applying for an injunction in the above-cited cases, under the allegations of their petitions, were compelled either to submit to an invalid law or cease business entirely pending a criminal prosecution, or other proceedings, in which the validity thereof might be determined. These facts clearly distinguished them from the case at bar.

In the instant case, the showing as to destruction of property or the infliction of irreparable injury is insufficient to authorize the granting of the injunction.

The judgment is reversed and the cause remanded.

LESTER, C. J., and RILEY, SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur. CLARK, V. C. J., and CULLISON, J., absent.