## OKLAHOMA CITY et al. v. NORTON-JOHNSON BUICK MOTOR CO. et al.

No. 24285. Sept. 11, 1934.

Rehearing Denied Oct. 9, 1934.

Harlan T. Deupree, Municipal Counselor, and A. P. Van Meter and Robert L. Berry, Assistant Municipal Counselors, for plaintiffs in error.

Sid White and Solus S. Brooks, for defendants in error.

OSBORN, J. This action was commenced in the district court of Oklahoma county by Norton-Johnson Buick Motor Company and 13 other plaintiffs against the city of Oklahoma City and John Watt, chief of police, wherein it was sought to enjoin the enforcement of a certain city ordinance. After hearing, the trial court entered the injunction as prayed for by plaintiffs, and defendants appealed.

The ordinance in question is Ordinance No. 4363, and provides that any person, firm, or corporation engaged in the business, within Oklahoma City, of dealing in second-hand or used automobiles, shall secure a license from the city to engage in such business and pay an annual license fee of $20. The ordinance further provides that the licensees shall be required to comply with section 13, ch. 8, of the Revised Ordinances of Oklahoma City, which provides for the keeping of records of the purchase, sale, exchange, or handling of all articles coming into the possession of the licensees, and

filing daily reports with the police department, giving a description of said property so handled by them. Ordinance No. 4363 provides that a violation thereof shall constitute an offense against the city punishable by a fine not to exceed $19 and $1 costs.

It is contended by the city that the purpose of the enactment of these ordinances was to furnish the police department with a means of discovering stolen property. The evidence shows that approximately 1,200 automobiles of the approximate value of $185,000 are stolen annually in Oklahoma City, and in many cases the stolen automobiles are recovered from the used car lots in Oklahoma City.

Plaintiffs allege in their petition that the ordinance in question is unconstitutional and void, but the trial court held that both ordinances in question were valid and constitutional but did not apply to the plaintiffs herein for the reason that the plaintiffs were dealers principally in new automobiles, and that the handling of second-hand automobiles was a mere incident to their principal business. In this connection the evidence shows that practically every time a new car is sold by one of the plaintiffs a second-hand cars are in turn disposed of by payment for the new car, and that the second-hand cars are in turn disposed of by them to the publc. It is shown that they do not buy second-hand cars for cash. Most of the plaintiffs operate used car lots at a place different from their regular place of business, where they dispose of the second-hand cars coming into their possession.

The defendant contends that plaintiffs are not entitled to injunctive relief, since it is not shown that they will suffer an irreparable injury by the enforcement of the ordinance. In the case of City of Blackwell v. Griffith Amusement Co., 160 Okla. 264, 16 P. (2d) 233, the general rule is stated as follows:

"A prosecution for violation of a municipal ordinance will not be enjoined on the mere ground that the ordinance is void, because such invalidity constitutes a complete defense to the prosecution, and is thus available in a court of law.

"Equity will restrain, by injunction, criminal proceedings under an invalid ordinance which, if allowed to proceed, would destroy property rights and inflict irreparable injury."

In that case it was held that injunction would not lie to enjoin the city from the enforcement of a city ordinance against the operation of moving picture shows on Sun-

day for the reason that the remedy of habeas corpus was available in case of the arrest of any person for violation of the ordinance.

In the case of Wright v. City of Guthrie, 150 Okla. 171, 1 P. (2d) 162, it was held that injunction was not the proper remedy where the city sought to enforce a zoning ordinance. In the case of Simmons v. Sanders, 80 Okla. 127, 194 P. 893, it was held that injunction was not the proper remedy where a city sought to enforce an ordinance relating to the operation of pool and billiard halls, since the proper remedy was by appeal from a judgment of conviction under said ordinance. To the same general effect, see the following cases: Turner v. City of Ardmore, 41 Okla. 660, 130 P. 1156; Yale Theater Co. v. City of Lawton, 35 Okla. 444, 130 P. 135; Stout v. Pardoe, 128 Okla. 3, 261 P. 366; Thompson v. Tucker, 15 Okla. 486, 83 P. 413; Golden v. City of Guthrie, 3 Okla. 128, 41 P. 350.

It has been held that injunction will lie to enjoin the enforcement of a city ordinance which is unconstitutional and void where valuable property rights are invaded and irreparable injury will result from its enforcement (Grantham v. City of Chickasha, 156 Okla. 56, 9 P. [2d] 747), and where a city is administering an ordinance in an illegal, arbitrary, and discriminatory manner (City of Tulsa v. Thomas, 89 Okla. 188, 214 P. 1070). To the same effect, see City of Tulsa v. Metropolitan Jewelry Co., 74 Okla. 107, 176 P. 956, and New York Life Insurance Co. v. Town of Comanche, 62 Okla. 247, 162 P. 466.

Thus it is clear that in this jurisdiction injunction will not lie to enjoin enforcement of a city ordinance even though the ordinance is unconstitutional and void, unless valuable property rights will be invaded and irreparable damage or injury results from its enforcement. There is nothing shown in this record which brings plaintiffs within this exception to the rule. They do not argue that they will suffer irreparable injury, or that their property rights will be invaded by the enforcement of the ordinance, but insist that injunction is the proper remedy for the reason that it would avoid a multiplicity of suits; that there are 14 plaintiffs, and each of them would be subject to arrest for violation of the ordinance. The criterion suggested by plaintiffs has never been adopted by this court in actions of this kind, and the adoption of such a rule would be a departure from the rules now established in this state. The same argument could be advanced in any case where an ordinance carried a

penalty clause or affected any particular class of business. It is obvious that the trial court erred in granting an injunction.

The issue of the validity or constitutionality of the acts in question is not presented in the briefs, and will not be considered.

Having taken this view of the matter, it is unnecessary to consider the various other contentions advanced by the parties herein.

The judgment of the trial court is reversed and the cause remanded, with directions to dismiss the same.

RILEY, C. J., CULLISON, V. C. J., and ANDREWS and BUSBY, JJ., concur.