## WHITSON v. CITY OF CHEROKEE.

No. 23854.   June 4, 1935.

Rehearing Denied July 16, 1935.

Guy D. Talbot, for plaintiff in error.

Walter L. Owen, for defendant in error.

PER CURIAM. This is an action brought in the district court of Alfalfa county by Carl Whitson, as plaintiff in error, against the city of Cherokee, a municipal corporation, as defendant in error. The parties will hereafter be designated as they appeared in the trial court.

Plaintiff filed his action against the defendant for an injunction, seeking to prevent the defendant from enforcing certain ordinances of the city of Cherokee which prohibited the keeping, maintaining, and conducting of a snooker hall or snooker parlor within said city, and providing a penalty for the violation thereof.

Plaintiff in his petition sets forth that he is operating and conducting a place of business known as a "snooker parlor," or a place where tables, balls, cues, and other equipment are used in playing the game known as "snooker," which are furnished or rented for hire to his patrons, and that said business produces a revenue; that the same is a legitimate business and not conducted in violation of the laws of the state of Oklahoma or any valid ordinance of the city of Cherokee, and that unless defendant is enjoined from placing plaintiff, his agents, servants, and employees under arrest and from prosecuting them for conducting said business, his business will be destroyed and he will suffer irreparable injury. To this petition, the defendant an-

swered with a general denial, and setting up as a defense ordinance No. 525, which declared the keeping, maintaining and conducting a snooker hall or snooker parlor a public nuisance, and also ordinance No. 526, which prohibited the keeping, maintaining, or conducting a snooker hall or snooker parlor within the said city and providing a penalty for the violation thereof.

Upon the issues thus joined, this cause was heard upon an agreed stipulation of facts and judgment was rendered by the court denying plaintiff a permanent injunction and dissolving the temporary injunction theretofore issued; the court assigning as its reason that the plaintiff had a complete, speedy, and adequate remedy at law.

Under the agreed state of facts, it is shown that these ordinances were duly and regularly enacted by the proper municipal authorities; that the plaintiff is the owner of certain property, consisting of tables, balls, cues, and other furniture and fixtures adapted for the use in the playing of "snooker"; that said game is different from pool or billiards; but played upon pool or billiard tables with pockets and with cues and balls, resembling those used in a pool game, but somewhat different in size and number; that said place is a place of amusement, and that the equipment of plaintiff is rented to customers who play the game of "snooker," and, as a general rule, the loser pays for the use of the equipment and the winner pays nothing. That the city, unless enjoined, will arrest the plaintiff, his servants, agents, and employees for violation of the provisions of said ordinances.

The plaintiff urges only one ground for reversal of this cause and that is that the trial court erred in refusing a permanent injunction and dissolving the temporary injunction on the ground that the plaintiff had a speedy and adequate remedy at law.

It is a well-established rule in this jurisdiction that equity will restrain by injunction a criminal proceeding under an invalid ordinance or statute which, if allowed to proceed, would destroy property rights and inflict irreparable injury. Stout v. Pardoe, 128 Okla. 3, 261 P. 366; Nation v. Chism, 154 Okla. 50, 6 P. (2d) 767; City of Blackwell et al. v. Griffith Amusement Co., 160 Okla. 264, 16 P. (2d) 233.

Under authority of these cases, if, and when, he proves that the ordinances he seeks to avoid are invalid, and in addition thereto that the enforcement thereof would destroy property rights and inflict irreparable injury, plaintiff would be entitled to equitable relief. These three essential elements must exist together in order for equity to assume jurisdiction. Plaintiff, in his brief, contends that it is conceded that the ordinances of the city of Cherokee prohibiting the playing of the game of "snooker" are invalid. If this were true, he would be entitled to equitable relief. But an examination of the record fails to disclose any such agreement or admission. On the other hand, the defendant contends that said ordinances are valid.

It is our view that, under the evidence in this case, plaintiff has failed to establish the invalidity of these ordinances, and, therefore, would not be entitled to equitable relief even though the trial judge assigned as his reason for denying such equitable relief an erroneous reason.

We have held in Beaver v. Wilson, 117 Okla. 68, 245 P. 34, that:

"Though a wrong reason may be given for a judgment, yet, if such judgment be correct under the law and facts in the case, it will not be reversed." Bath v. Dumas, 108 Okla. 260, 236 P. 1; Gilmore v Blackburn, 96 Okla. 33, 217 P. (2d) 462; Holloway v. Ward, 84 Okla. 247, 203 P. 217.

We hold that the ordinances of the city of Cherokee, prohibiting the keeping, maintaining, and conducting of a snooker hall or snooker parlor, is a valid exercise of the municipal authority under section 5998, O. S. 1931, which reads:

"The city council of each city of the state and the board of trustees of each incorporated town or village shall have power to enact ordinances to restrain, prohibit, and suppress games and gambling houses, bowling alleys, pool and billiard tables, and other gambling tables."

It may be true that snooker is played differently from pool or billiards, but it is a game so similar in form and method and manner of playing pool that to the uninformed it would appear to be one and the same game. The general rule laid down regarding the change in name or modification of a game is stated in 20 Cyc. 887, to be:

"A change in the name of or a modification in the method of playing a game, will not take it out of the operation of a statute, prohibiting it, or betting on it, if the principle of the game remains."

Under section 5998, O. S. 1931, cities and

towns of this state are authorized to enact ordinances to restrain, prohibit, and suppress games, and gambling houses, bowling alleys, pool and billiard tables and other gaming tables, and this right was in no way impaired by sections 2422, 2423, and 2424, O. S. 1931, but was specifically granted the cities and towns under section 2425, O. S. 1931.

Finding no error in the judgment of the trial court, the case is affirmed.

The Supreme Court acknowledges the aid of Attorneys Roy Frye and W. W. Miller in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Frye, and approved by Mr. Miller, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

McNEILL, C. J., OSBORN, V. C. J., and BAYLESS, WELCH, and CORN, JJ., concur.