## Ex parte J. L. BIGGS.

No. A-8902.   July 5, 1935.
Rehearing Denied Sept. 6, 1935.
(54 Pac. [2d] 404.)

W. C. Hall, for petitioner.

Harlan Deupree, Municipal Counselor, and A. P. Van Meter, Asst. Municipal Counselor, for respondent City of Oklahoma City.

EDWARDS, J.   This is an original proceeding in habeas corpus.   Petitioner alleges he is unlawfully restrained by the chief of police of Oklahoma City;   that he was charged in the municipal court with a violation of Ordi-

nance No. 3944 and amendatory ordinance No. 4596, and was assessed a fine of $19 and in default of payment was committed to the municipal jail. He alleges the amendatory ordinance No. 4596, as applied to him, is ex post facto and unconstitutional; that relief may be had by habeas corpus, citing Ex parte Nielsen, 131 U. S. 176, 9 S. Ct. 672, 33 L. Ed. 118. The pertinent part of ordinance No. 3944 is:

"It shall be unlawful and an offense for any person, firm or corporation to drill or put down any petroleum or gas well within the corporate limits of the city of Oklahoma City, except within the limits of the U-7 or Oil and Gas District, and unless permit therefor shall have been first obtained."

The pertinent part of the amendatory ordinance is:

"No. 4596—Section 1. It shall be unlawful and an offense for any person * * * employee or servant or any other person * * * to permit to flow therefrom any petroleum or natural gas * * * or to operate, maintain or permit to exist any equipment, structures or appurtenances incident to such production within the U-7 Zone in Oklahoma City unless a permit for the drilling and operation of said well shall have been first obtained as provided by the terms of ordinance No. 3944 of said City and amendments thereto."

In order to understand the questions presented, a brief statement of the facts from which this prosecution arose is necessary. Soon after the discovery of oil in and adjacent to Oklahoma City, ordinance No. 3944 was enacted. It is comprehensive in its terms and provides the manner of procuring permits for the drilling of wells for the production of gas and oil within the corporate limits of Oklahoma City, and provides regulations for the operations to safeguard the lives, health, and property of the citizens from the danger of fire, explosion, gas, and other hazards

incident to the drilling for and the production of gas and oil. An applicant to drill is required to apply for a permit and to pay therefor a fee of $1,000, and it is further required to post a bond in the sum of $200,000 for the benefit of those who may be damaged by drilling operations. In January, 1931, the Courter Oil Company applied for a permit to drill a well at a certain location within Oklahoma City and deposited with the city its check for the $1,000 for such permit, but contested by injunction in the district court the validity of that part of the ordinance requiring a bond in the sum of $200,000. This contest was tried and the ordinance was upheld. The oil company thereupon appealed to the Supreme Court, which allowed a supersedeas from the judgment of the district court in the sum of $50,000, which was duly executed. The Supreme Court on consideration of an appeal in a case involving the same question upheld the ordinance. Gant v. Oklahoma City, 150 Okla. 86, 6 Pac. (2d) 1065, 86 A.L.R. 794. An appeal was prosecuted to the United States Supreme Court in the Gant Case and was there affirmed. 289 U. S. 98, 53 S. Ct. 530, 77 L. Ed. 1058. The Courter Case involving the same question followed the United States Supreme Court decision and is reported in 167 Okla. 633, 31 Pac. (2d) 596. After appeal of the injunction suit from the district court to the Supreme Court, the Courter Oil Company withdrew its bank deposit and the check for $1,000 which it had deposited for permit fee was not paid. Pending the appeals the Courter Oil Company completed its well, as a producer of gas and oil. Petitioner is an employee of that company. The operation of this well is the basis of the prosecution from which the instant case arose. It never paid the permit fee nor executed bond required by ordinance No. 3944. That ordinance made it an offense to drill a well for gas or oil with-

out a permit. After the termination of the litigation referred to, the city filed a complaint under ordinance 3944 and the petitioner here and others were convicted. They filed petition in this court for a writ of habeas corpus, claiming a want of due process in that there was no ordinance making the acts done by petitioner in the operation of an oil well an offense. This court awarded the writ. Biggs v. Watt et al., 56 Okla. Cr. 306, 38 Pac. (2d) 587. Thereafter ordinance No. 4596 was enacted. After this amendatory ordinance became effective, defendant continued to operate said well without a permit and this prosecution and conviction followed, from which relief is sought by this proceeding.

Petitioner contends that with a prospective application the ordinance is not invalid, but when applied to any past fact it is ex post facto. The past fact referred to is the fact the well had been drilled without a permit prior to the enactment of amendatory ordinance No. 4596. Petitioner seeks to give the ordinance the construction of making it unlawful to operate an oil well unless a permit had been obtained before the well had been drilled. If this construction were required, the ordinance would have the effect of forbidding entirely the operation of the well in question, since it would impose an impossible condition. Petitioner has fully briefed the case from his standpoint and with much earnestness insists that since the amendatory ordinance was enacted subsequent to the completion of the well the attempt to enforce it against him renders it ex post facto and in violation of article 1, § 10, cl. 1, Const. of the United States, and article 2, § 15, Const. of Oklahoma, which forbids the enactment of an ex post facto law. Citing Calder v. Bull, 3 Wall. 386, 1 Law Ed. 648; Cummings v. Missouri, 4 Wall. (71 U. S.) 277, 18 L. Ed.

356; Ex parte Garland, 4 Wall. (71 U. S.) 333, 18 L. Ed. 366; Pierce et al. v. Carskadon, 16 Wall. (83 U. S.) 234, 21 L. Ed. 276; People v. Raymond, 96 N. Y. 38; Jones v. State, 9 Okla. Cr. 646, 133 Pac. 249, 48 L. R. A. (N. S.) 204.

Respondent contends that ordinance No. 3944 and amendatory ordinance No. 4596 is a proper exercise of the police power of the city in attempting to provide protection to the property and health and safety of its citizens from fire, explosion, gas, and other hazards inimicable to public health, peace, and safety brought about by the drilling for and production of petroleum and natural gas; that the ordinance as amended applies not only to the drilling but also to the operation of a well. That the permit required may be issued, and that the city is ready to issue it upon payment of the fee and the posting of bond provided. It further contends the ordinance is prospective and applies only to acts done subsequent to its enactment.

In the exercise of the police power of a municipality it may enact safety measures to control and regulate the erection of buildings or other structures and their maintenance and the operation of certain classes of business. It is usually required that a permit be procured from the council or some public board or official who is empowered to inspect and generally to see the proposed structure shall conform to the requirements of the ordinance. 19 R. C. L. 830, § 134; 43 C. J. p. 256, § 258. The same rule applies to the alteration of buildings which existed prior to the enactment of such ordinance. 43 C. J. 329, § 359. It is not contended the fee of $1,000 fixed as an incident to the granting of a permit is excessive. Gant v. Oklahoma City, supra; Ex parte Holt, 74 Okla. 226, 178 Pac. 260; Biggs v. Watt, supra.

The ordinance No. 3944 and amendatory ordinance No. 4596 are not ex post facto when applied to the doing of acts subsequent to the time they became operative. Calder v. Bull, supra, defines an ex post facto law, which definition has been quoted more often than any other, although there are other widely quoted definitions. This court in Tucker v. State, 14 Okla. Cr. 54, 167 Pac. 637, 638, said:

"Discussing the proposition of what laws are ex post facto within the purview of the provision of the Constitution of the United States herein involved, the Supreme Court of the United States in Calder v. Bull, supra, said:

" 'First. Every law that makes an action done before the passing of the law, and which was innocent when done, criminal, and punishes such action. Second. Every law that aggravates a crime, or makes it greater than it was, when committed. Third. Every law that changes the punishment and inflicts a greater punishment, than the law annexed to the crime, when committed. Fourth. Every law that alters the legal rules of evidence, and receives less, or different, testimony than the law required at the time of the commission of the offense, in order to convict the offender.' "

Under this statement it is evident: First. The ordinance does not attempt to make an act criminal which, when done, was innocent. It is directed to the operation of the well and production of oil therefrom, as a present action and not at the drilling or production of the well before enactment of the ordinance. Petitioner may cease operation and thus avoid prosecution, or his employer, the Courter Oil Company, may secure a permit which it is undisputed the city has at all times been and is now ready to issue upon compliance with the ordinance. Second. No past action is aggravated by this ordinance. Third. The punishment for petitioner's action is not made greater,

because it related only to the operation of the well since the enactment of the ordinance. Fourth. No rule of evidence has been changed by the ordinance. Consequently it does not come within the prohibition against ex post facto laws. See in this connection Douglass v. City of Greenville, 92 S. C. 374, 75 S. E. 687, 49 L. R. A. (N. S.) 958; Samuels v. McCurdy, Sheriff, etc., 267 U. S. 188, 45 S. Ct. 264, 69 L. Ed. 568, 37 A. L. R. 1378; Jones v. State, 9 Okla. Cr. 646, 651, 133 Pac. 249, 48 L. R. A. (N. S.) 204; Libby v. State, 42 Okla. 603, 142 Pac. 406; Chicago & A. Railroad Company v. Tranbarger, 238 U. S. 67, 35 S. Ct. 678, 59 L. Ed. 1204; 43 C. J. p. 328, § 358; Julian Oil & Royalties Co. v. Oklahoma City, 167 Okla. 384, 29 Pac. (2d) 952.

Petitioner makes several other contentions, among them that the making each day a separate offense and fixing a fine of $19 for each offense is a cruel and unusual punishment. There is no merit in this point even if it could be raised by habeas corpus. Wright v. City of Guthrie, 150 Okla. 171, 1 Pac. (2d) 162; Ellis v. State, 54 Okla. Cr. 295, 19 Pac. (2d) 972; Ex parte Meyers, 55 Okla. Cr. 75, 24 Pac. (2d) 1011; 16 C. J. 1353.

He also asserts that the ordinance is unconstitutional as denying petitioner the equal protection of the law, in that it makes the doing an innocent act by an employee criminal for the reason his employer did not obtain a permit. It is not discriminatory, and in effect it provides that all persons who drill for and produce oil and gas shall do so on an equality. Douglass v. City of Greenville, supra; 37 C. J. p. 266, § 156.

The writ is denied.

DAVENPORT, P. J., and DOYLE, J., concur.