## SIMONS et al. v. FAHNESTOCK et al.

No. 28161.    April 12, 1938.

Harry D. Pitchford, for plaintiffs in error.

Steele & Boatman, for defendants in error.

DAVISON, J. Plaintiffs, C. A. Fahnestock, Louis Anderson, and Raymond Cole, filed their petition in the district court of Okmulgee county praying that George A. Simons and Walter S. Mariner be enjoined from constructing a barn upon certain of their residence property for the purpose of keeping Shetland ponies and cattle upon such premises, alleging that the keeping of same would be a nuisance. A temporary restraining order was issued. The defendants filed their response, and upon the hearing of the cause the defendants were permanently enjoined from further proceeding with the construction of the barn. The defendants have appealed.

Defendants contend that the judgment of the court is not supported by sufficient evidence and is contrary both to the evidence and the law. It is contended that there is neither allegation in the petition nor proof that the defendants were violating any statute, city ordinance, or restriction; or that the defendants or the Shetland ponies were causing any irreparable damage.

The testimony did not show that it was the purpose of the defendants to keep in the barn any cattle or any livestock other than the Shetland ponies. The ponies were already upon the premises.

The record shows that the defendants' premises are located within the city of Okmulgee and in a populous part of the city, having nine houses located on that block. No other livestock was being kept on this block when the construction of the barn began.

It is not shown that the keeping of livestock upon the premises within this particular district in the city of Okmulgee is prohibited by charter provisions or by any city ordinance in force.

The keeping of horses in a residential district is not a nuisance per se. This was not the contention of the plaintiffs nor the conclusion of the court. It was the purpose of the suit to intercept and prevent the existence of a condition which would become a nuisance by reason of the attendant circumstances and location.

Section 11489, O. S. 1931. defines a nuisance in the following language:

"A nuisance consists in unlawfully doing an act, or omitting to perform a duty, which act or omissions either:

"First. Annoys, injures or endangers the comfort, repose, health or safety of others; or,

"Second. Offends decency; or,

"Third. Unlawfully interferes with, obstructs or tends to obstruct, or renders dangerous for passage, any lake or navigable river, stream, canal or basin, or any public park, square, street or highway; or,

"Fourth. In any way renders other persons insecure in life, or in the use of property."

Dr. Carnell, county health officer, testified that the keeping of horses within a resident district was dangerous to the health and safety of the people in the district by virtue of the fact that stables where horses are kept attract flies which carry various diseases, such as dysentery and typhoid fever. He further testified that a couple of Shetland ponies would draw flies.

There was testimony from other expert witnesses that a horse could have tetanus, and that it was communicable through puncture wound coming in contact with the manure.

There was other testimony to the effect that a small barn, occupied only by a couple of small Shetland ponies, if kept in a sanitary condition, would be free from offensive odors or anything that would disturb the peace, health, and comfort of the neighborhood, due to the nature and delicate habits of such ponies.

It is true that many lines of business which are not a nuisance per se have been held by this court to be a nuisance by virtue of the surroundings and manner in which they are conducted. In Jordan v. Nesmith, 132 Okla. 226, 269 P. 1096, this court held:

"When the prosecution of a business, of itself lawful, in a strictly residential district, impairs the enjoyment of homes in the neighborhood, and infringes upon the wellbeing, comfort, repose and enjoyment of the ordinary normal individual residing therein, the carrying on of such business, in such locality, becomes a nuisance and may be enjoined."

This rule is well recognized, as well as the rule that courts of equity may enjoin the commission or establishment of a contemplated nuisance. Town of Rush Springs v. Bently, 75 Okla. 119, 182 P. 664. However, in the case of McPherson v. First Presbyterian Church of Woodward, 120 Okla. 40, 248 P. 561, this court held:

"To enjoin a threatened nuisance, it must appear that the injury would be irreparable in damages, and the evidence must be clear and convincing, not of a possibility or apprehension, but of a reasonable probability that the injury will be done."

To the same effect is the holding of this court in Burnett v. Sapulpa Refining Co., 59 Okla. 276, 159 P. 360; Woodward v. Raynor, 29 Okla. 493, 119 P. 964, and is the rule stated in 32 C. J. p. 42.

We are aware of the fact that the damages here anticipated would not be practical to measure, and agree that if there is a reasonable probability, and not a mere fear or apprehension, that such anticipated injury will be done if no injunctive relief is granted, an injunction should issue. Taking into consideration the fact of the diminutive sizes of these two ponies to be kept upon the premises, one of which is shown to be "not much larger than a big dog," and further considering the general habits of this class of ponies as shown by the record, this court cannot presume that these ponies would be kept in such a manner as to allow their premises to become a nuisance, and we are of the opinion, and so hold, that the permanent injunction should not be granted.

Having reached this conclusion, it is not necessary to consider other contentions presented.

This cause is therefore reversed and the injunction denied.

BAYLESS, V. C. J., and RILEY, WELCH, and CORN, JJ., concur.