Mike **ANDERSON** et al., Appellees,

v.

Preston **TRIMBLE**, Individually and as District Attorney of Cleveland County, State of Oklahoma, Appellant,

M/M Vestor L. Baker et al., Appellants/Intervenors.

No. 45198.

Supreme Court of Oklahoma.

Jan. 8, 1974.

Rehearing Denied March 26, 1974.

Stephens Jones, Jones, Atkinson, Williams, Bane, & Klingenberg, Oklahoma

City, Larry Derryberry, Atty. Gen., Mike D. Martin, Asst. Atty. Gen., Oklahoma City, for appellees.

Preston Trimble, Dist. Atty., Norman, for appellant.

Clyde J. Watts, Watts, Looney, Nichols & Johnson, Oklahoma City, for appellants-intervenors.

BERRY, Justice:

Appellees [plaintiffs] brought this action challenging the constitutionality of 21 O.S.1971 §§ 1218–1219, which make it unlawful for names of persons killed in military action to be displayed on cards or placards, or otherwise published for the purpose of anti-war, anti-draft, or anti-police demonstrations or protests, without the written consent of certain survivors of the deceased. Plaintiffs alleged they intended to violate the statute and sought a declaratory judgment the statute was unconstitutional and an injunction restraining the district attorney from prosecuting them for violations of the statute.

The district attorney of Cleveland County and the attorney general of the State of Oklahoma were joined as defendants, but the attorney general was dismissed from the action by the court. The district attorney filed an answer admitting he would prosecute plaintiffs if they violated the statute.

Parents and next of kin of servicemen killed in military action intervened and sought an injunction restraining plaintiffs from violating the statute.

A hearing was held and the trial court entered declaratory judgment declaring the statute unconstitutional and granted a temporary injunction enjoining defendant from enforcing the statute against plaintiffs. Defendant and intervenors appeal.

Section 1651 of the Declaratory Judgments Act [12 O.S.1971 §§ 1651–1657] provides in part:

"District * * * Courts may, in cases of actual controversy, determine rights, status, or other legal relations, including * * * a determination of the construction or validity * * * of any statute * * *."

This Act was enacted in 1961 and the title of the Act provides it is "AN ACT relating to civil procedure * * * ." 1961 S.L., p. 58.

Section 1654 provides any determination of rights under the Act "shall be reviewable in the same manner as other judgments."

At the time the statute was enacted, Art. VII, § 2, Okla.Const., provided:

"The appellate jurisdiction of the Supreme Court shall be co-extensive with the State, and shall extend to all civil cases at law and in equity, and to all criminal cases until a Criminal Court of Appeals with exclusive appellate jurisdiction in criminal cases shall be established by law."

Art. VII § 4, Okla.Const., which was adopted in 1967, provides:

"The appellate jurisdiction of the Supreme Court shall be coextensive with the State and shall extend to all cases at law and in equity; except that the Court of Criminal Appeals shall have exclusive appellate jurisdiction in criminal cases until otherwise provided by statute * * * ."

20 O.S.1971 § 40, which was enacted in 1910, provides:

"The Criminal Court of Appeals shall have exclusive appellate jurisdiction * * * in all criminal cases appealed from the district * * * courts, and such other courts of record as may be established by law."

The State of Texas also has separate appellate courts for civil and criminal matters.

In City of Amarillo v. Griggs, Tex.Civ. App., 406 S.W.2d 230, the plaintiffs operated an ambulance service licensed pursuant to state statutes, but did not secure a city permit required by applicable city ordinances which contained a penal provision. The ordinance was enforced against plain-

tiff and the city refused to do business with plaintiff due to plaintiff's non-compliance with the ordinance.

Plaintiffs sought a declaratory judgment holding the statute to be void and unconstitutional and also sought to enjoin its enforcement and discrimination by the city against plaintiffs for failure to secure a permit. The trial court entered a declaratory judgment holding the ordinance to be unconstitutional and enjoined the city from discriminating against plaintiffs for failure to comply, but refused to enjoin penal enforcement of the ordinance. The city appealed.

The appellate court noted that equity will not enjoin enforcement of a criminal law unless it is unconstitutional or otherwise void, and enforcement thereunder involves an invasion of property rights which will result in irreparable injury. That court then stated:

"The Uniform Declaratory Judgments Act * * * did not change the rules respecting jurisdiction of courts of equity to construe penal statutes or ordinances, courts having been given in such act power to enter declaratory judgments only within their respective jurisdictions.

"In Stecher v. City of Houston, Tex. Civ.App., 272 S.W.2d 925 (N.R.E.) Stecher sought injunction against the City of Houston and prosecution agencies to enjoin enforcement of a penal traffic ordinance and a declaratory judgment, just as in our case. * * * The defendants excepted to the petition for lack of jurisdiction in the trial court on the ground that such relief could be granted only upon a showing of a vested property right, neither alleged nor shown. The trial court dismissed for want of jurisdiction and the intermediate appellate court affirmed. * * * In its opinion the appellate court quoted the trial court's Conclusion of Law No. 1 to the effect that the suit was essentially to restrain the police department and the City of Houston from enforcing a penal ordinance and that the character thereof was not changed by calling it a suit for declaratory judgment; that such judgment could not be enforced except by injunction; and Stecher not having any vested property rights in the use of the streets in the manner claimed by him, the court was without jurisdiction to entertain the cause of action. The appellate court then affirmed, saying:

"'* * * The Uniform Declaratory Judgments Act * * * was passed in 1943 by the 48th Legislature. At that time, it was well settled, as shown by the authorities heretofore cited, that jurisdiction to determine the validity of penal statutes and ordinances where irreparable injury to vested property rights is not involved, is vested exclusively in the criminal courts. * * *'

"We hold the trial court lacked jurisdiction. In the first place appellees had an adequate remedy at law by testing the constitutionality of the ordinance through the method of asserting such defense in criminal prosecution thereunder. * * *

"'* * * However, the requirement of property rights being affected is related to this adequacy of remedy at law. * * * Wherein can it be said then that appellees have property rights to be protected? * * *'"

■ Therefore, since proceedings under the declaratory judgment statute are civil proceedings, appeals from civil proceedings are to this Court, and at the time the statute was enacted, and at this time, we have a Court of Criminal Appeals with exclusive appellate jurisdiction over criminal cases, we conclude the reference in § 1651 to "construction or validity * * * of any statute * * *" was not intended to grant jurisdiction to district courts to grant declaratory judgments construing, or determining the validity of penal statutes in situations other than those wherein injunctive relief would have been appropriate prior to enactment of the statute.

As concerns when an injunction will be issued to enjoin enforcement of a penal

statute or ordinance, in City of Blackwell v. Griffith Amusement Co., 160 Okl. 264, 16 P.2d 233, we held in paragraphs 1 and 2 of the syllabus:

"1. A prosecution * * * will not be enjoined on the mere ground the ordinance is void, because such invalidity constitutes a complete defense to the prosecution, and is thus available in a court of law."

"2. Equity will restrain, by injunction, criminal proceedings under an invalid ordinance which, if allowed to proceed, would destroy property rights and inflict irreparable injury."

In that case we reversed the trial court's judgment enjoining certain officials from enforcing an ordinance which prohibited plaintiffs from showing picture shows on Sunday on the ground the evidence was insufficient to show destruction of property or infliction of irreparable injury.

Certain cases do contain statements to the effect enforcement of an invalid ordinance will be enjoined to prevent injuries to a plaintiff as well as an injury to plaintiff's property. Nation v. Chism, 154 Okl. 50, 6 P.2d 766; Allen v. Oklahoma City, 175 Okl. 421, 52 P.2d 1054. However, both of those cases actually involved property rights. In Nation v. Chism, supra, the plaintiff sought to enjoin enforcement of an act regulating barbers. In paragraph 5 of the syllabus we held:

"The right to labor or earn one's livelihood in any legitimate field of industry or business is a right of property * * * ."

In Allen v. Oklahoma City, supra, the plaintiff sought to enjoin enforcement of a city ordinance which made it unlawful for a person of her race to reside in a house owned by her. In paragraph 1 of the syllabus we held:

"Equity will restrain by injunction a proceeding under an invalid ordinance which, if allowed to proceed, would destroy property rights and inflict irreparable injury."

■ In the present case no allegation was made, or evidence offered, indicating that property rights would be destroyed if enforcement of the statute was not enjoined.

Therefore, we conclude that the trial court erred in granting the temporary injunction and erred in granting declaratory relief to plaintiffs.

Intervenors contend the trial court should have entered declaratory judgment declaring the statute to be constitutional and an order restraining plaintiffs from violating the statute.

■ As a general rule an injunction will not issue to restrain commission of a threatened act merely to prevent the violation of a penal statute, Schmoldt v. Oakley, Okl., 390 P.2d 882, unless a statute provides a remedy by injunction to restrain violations, 42 Am.Jur.2d, Injunctions § 157. However, where an injunction is otherwise warranted, the court may enjoin certain acts affecting rights, property and general welfare of people even though such acts are also criminal offenses. State Bar of Oklahoma v. Retail Credit Ass'n, 170 Okl. 246, 37 P.2d 954; Curtis v. Registered Dentists of Oklahoma, 193 Okl. 233, 143 P.2d 427; Taylor v. State ex rel. Rutherford, Okl., 291 P.2d 1033, appeal dismissed, 352 U.S. 805, 77 S.Ct. 33, 1 L.Ed.2d 38; Semke v. State ex rel. Okl. Motor Vehicle Comm., Okl., 465 P.2d 441.

In Simons v. Fahnestock, 182 Okl. 460, 78 P.2d 388, we held in paragraph 3 of the syllabus:

"It is not sufficient ground for injunction that the injurious acts may possibly be committed or that injury may possibly result from the acts sought to be prevented; but there must be at least a reasonable probability that the injury will be done if no injunction is granted * * * ."

■ Here the evidence introduced indicated plaintiffs had not violated the statute in Cleveland County prior to the hearing and the evidence did not establish plaintiffs

would violate the statute in the future if it were not held to be unconstitutional. Furthermore, the district attorney indicated he would enforce the statute.

We conclude intervenors were not entitled to injunctive relief and therefore were not entitled to declaratory relief.

The judgment of the trial court is reversed insofar as it granted declaratory and injunctive relief to plaintiffs, and affirmed to the extent it denied injunctive and declaratory relief to intervenors.

WILLIAMS, V. C. J., and LAVENDER, BARNES and SIMMS, JJ., concur.

IRWIN and DOOLIN, JJ., concur in result.

DAVISON, C. J., and HODGES, J., dissent.